**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CHUI-FAN KWAN a/k/a Connie Kwan,<br>*on behalf of herself and others similarly situated,*<br><br>                        Plaintiff<br><br>               v.<br><br>SAHARA DREAMS CO. II INC.<br>  f/k/a SAHARA DREAMS CO. INC.<br>  f/k/a SAHARA DREAMS LIMITED<br>  d/b/a Dream Hotel Downtown,<br>SAHARA DREAMS LLC<br>  f/k/a SAHARA DREAMS LLC<br>  d/b/a Dream Hotel Downtown,<br>SAHARA HAMPSHIRE HOTEL MANAGEMENT,<br>  LLC<br>  d/b/a Dream Hotel Midtown,<br>SAHARA HAMPSHIRE HOTEL MANAGEMENT<br>    CO. II INC.<br>  f/k/a SAHARA HAMPSHIRE HOTEL<br>    MANAGEMENT CO. INC.<br>  f/k/a SAHARA HAMPSHIRE HOSPITALITY<br>    MANAGEMENT LIMITED<br>  d/b/a Dream Hotel Midtown,<br>HAMPSHIRE HOTELS MANHATTAN LLC<br>  d/b/a Dream Hotels<br>  d/b/a Time Hotels<br>  d/b/a The Chatwal<br>  d/b/a Night Hotel<br>  d/b/a The Gallivant<br>  d/b/a Hampton Inn<br>  d/b/a Days Inn Hotel<br>  d/b/a Hilton Garden,<br>HAMPSHIRE HOTELS GROUP II, LLC<br>  d/b/a Dream Hotels<br>  d/b/a Time Hotels<br>  d/b/a The Chatwal<br>  d/b/a Night Hotel<br>  d/b/a The Gallivant<br><br>  d/b/a Hampton Inn<br><br>  d/b/a Days Inn Hotel<br><br>  d/b/a Hilton Garden,<br>HAMPSHIRE HOTELS GROUP, LLC<br>  d/b/a Dream Hotels<br>  d/b/a Time Hotels<br>  d/b/a The Chatwal<br>  d/b/a Night Hotel | **Case No.  17-cv-4058**<br><br>**29 U.S.C. §216(b) COLLECTIVE ACTION AND FED. R. CIV. P. 23 CLASS ACTION**<br><br><br>**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT** |

d/b/a The Gallivant
d/b/a Hampton Inn
d/b/a Days Inn Hotel
d/b/a Hilton Garden,
HAMPSHIRE HOTELS & RESORTS, LLC
f/k/a HAMPSHIRE HOTELS & RESORTS
LIMITED LIABILITY COMPANY
d/b/a Dream Hotels
d/b/a Time Hotels
d/b/a The Chatwal
d/b/a Night Hotel
d/b/a The Gallivant
d/b/a Hampton Inn
d/b/a Days Inn Hotel
d/b/a Hilton Garden,
DREAM HOTEL GROUP, LLC
f/k/a HAMPSHIRE HOTELS MANAGEMENT
LLC
d/b/a Dream Hotels
d/b/a Time Hotels
d/b/a The Chatwal
d/b/a Night Hotel
d/b/a The Gallivant
d/b/a Hampton Inn
d/b/a Days Inn Hotel
d/b/a Hilton Garden,
SANT SINGH CHATWAL,
VIKRAM CHATWAL,
JAY STEIN,
RABINDER PAL SINGH,
DAVID KUPERBERG, and
SANDEEP WADHWA,

      Defendants.

Date of Service: April 11, 2018

## TABLE OF CONTENTS

I.    PRELIMINARY STATEMENT ........................................................................... 2

II.   STATEMENT OF FACTS ................................................................................. 3

      A.    Summary of Claims ............................................................................. 3

      B.    Plaintiff's Employment ....................................................................... 5

      C.    Plaintiff's Collective and Class Allegations ...................................... 6

III.  ARGUMENT ..................................................................................................... 7

      A.    Plaintiff's Amended Complaint Fails to Satisfy the Plausibility Standard ............ 7

            i.    Definition of "Employer" Under the FLSA and NYLL ............................ 9

      B.    Plaintiff Does Not Allege Facts Sufficient to Support a Finding that the Corporate
            Defendants Are Plaintiff's Employer .................................................. 12

      C.    Plaintiff's Amended Complaint Fails to Allege Facts Sufficient to State Claims
            Against the Individual Defendants ...................................................... 16

      D.    Plaintiff's Minimum Wage Claims Must Be Dismissed ....................... 19

      E.    Plaintiff Has Failed to State A Claim for Unpaid Overtime ................. 21

      F.    Plaintiff Cannot Maintain Her Claims for Fraudulent Filing of Information
            Returns ................................................................................................. 24

      G.    Discovery Should Be Stayed ............................................................... 24

IV.   CONCLUSION ................................................................................................ 25

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Apolinar v R.J. 49 Rest., LLC*,
    2016 U.S. Dist. LEXIS 65733 (S.D.N.Y. May 18, 2016)
    ......................................................................................................10, 11, 13, 14

*Apolinar v R.J. 49 Rest., LLC*,
    2016 US Dist LEXIS 65733 (S.D.N.Y. May 18, 2016) ........................................17

*Arista Records, LLC v. Doe 3*,
    604 F.3d 110 (2d Cir. 2010)..................................................................................7

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)....................................................................................6, 7, 8

*Barfield v. N.Y.C. Health & Hosps. Corp.*,
    537 F.3d 132 (2d Cir. 2008)................................................................................10

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)............................................................................................7

*Bravo v. Established Burger One LLC*,
    2013 U.S. Dist. LEXIS 146237, 2013 WL 5549495 (S.D.N.Y. Oct. 8, 2013)............... *passim*

*Cannon v. Douglas Elliman, LLC*,
    2007 U.S. Dist. LEXIS 91139, 2007 WL 4358456 (S.D.N.Y. Dec. 10, 2007) ............9, 11, 14

*Diaz v. Consortium for Worker Educ., Inc.*,
    2010 U.S. Dist. LEXIS 107722 (S.D.N.Y. Sept. 28, 2010)....................................16

*Diaz v Consortium for Worker Educ., Inc.*,
    2010 US Dist LEXIS 107722 (S.D.N.Y. Sep. 28, 2010)........................................11

*Gisomme v. Healthex Corp.*,
    2014 U.S. Dist. LEXIS 67588 (E.D.N.Y. May 15, 2014) ................................15, 18

*Gulino v. N.Y. State Educ. Dep't*,
    460 F.3d 361 (2d Cir. 2006)................................................................................13

*Hart v. Rick's Cabaret Intern., In*c.,
    967 F. Supp. 2d 901 (S.D.N.Y. 2013)....................................................................8

*Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*,
    2009 U.S. Dist. LEXIS 78476, 2009 WL 2777076 (S.D.N.Y. Sept. 1, 2009) ........................24

*Irizarry v. Catsimatidis*,
    722 F.3d 99 (2d Cir. 2013)..............................................................................18

*Jianjun Chen v. 2425 Broadway Chao Rest., LLC*,
    2017 U.S. Dist. LEXIS 92149, 2017 WL 2600051 (S.D.N.Y. June 15, 2017) ......................23

*Juarez v. 449 Rest., Inc.*,
    29 F. Supp. 3d 363 (S.D.N.Y. 2014)..............................................................10

*Kuebel v. Black & Decker Inc.*,
    643 F.3d 352 (2d Cir. 2011)........................................................................20, 23

*Lopez v. Acme Am. Envtl. Co.*,
    2012 U.S. Dist. LEXIS 173290 (S.D.N.Y. Dec. 6, 2012) .............................. *passim*

*Lundy v Catholic Health Sys. of Long Is., Inc.*,
    711 F3d 106 (2d Cir 2013).............................................................................22

*Lundy v. Catholic Health Sys. of Long Island, Inc.*,
    711 F.3d 106 (2d Cir. 2013).........................................................................20

*Maurizio v. Goldsmith*,
    230 F.3d 518 (2d Cir. 2000)........................................................................24

*Monahan v. Cnty. of Chesterfield*,
    95 F.3d 1263 (4th Cir. 1996) .......................................................................20

*Murray v. Miner*,
    74 F.3d 402 (2d Cir. 1996)...........................................................................10

*Nakahata v. New York Presbyterian Healthcare Sys.*,
    2012 U.S. Dist. LEXIS 127824 (S.D.N.Y. Sept. 6, 2012)............................... *passim*

*Nakahata v. New York-Presbyterian Healthcare Sys.*,
    723 F.3d 192 (2d Cir. 2013).........................................................................20

*Nakahata v NY-Presbyterian Healthcare Sys.*,
    723 F3d 192 (2d Cir. 2013).........................................................................22

*Navarra v. Marlborough Gallery, Inc.*,
    820 F. Supp. 2d 477 (S.D.N.Y. 2011)..............................................................7

*Sampson v MediSys Health Network, Inc.*,
    2012 US Dist LEXIS 103052 (E.D.N.Y. July 24, 2012)..................................11, 18

*Santana v Fishlegs*,
    LLC, 2013 US Dist LEXIS 159530 (S.D.N.Y. Nov. 7, 2013) .........................13, 14

*Serrano v I. Hardware Distribs.*,
    2016 US Dist LEXIS 47485 (S.D.N.Y. Apr. 7, 2016.)..................................................10, 16, 17

*Soto v. Armstrong Realty Mgmt. Corp.*,
    2016 U.S. Dist. LEXIS 176740, 2016 WL 7396687 (S.D.N.Y. Dec. 21, 2016) ...................21

*Williams v. Calderoni*,
    2012 U.S. Dist. LEXIS 28723, 2012 WL 691832 (S.D.N.Y. Mar. 1, 2012) ...........................7

*Zheng v. Liberty Apparel Co.*,
    355 F.3d 61 (2d Cir. 2003).................................................................................................10, 11

**Statutes**

The Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201, *et seq*.......................................... *passim*

N.Y. Lab. Law § 162 .......................................................................................................................19

N.Y. Lab. Law. §§ 190(3), 651(6) ....................................................................................................9

**Other Authorities**

29 C.F.R. § 785.19 ...........................................................................................................................19

12 N.Y.C.R.R. § 142-2.2 .................................................................................................................21

Federal Rules of Civil Procedure Rule 12(b)(6) .............................................................2, 6, 7, 8

Defendants SAHARA DREAMS CO. II INC. f/k/a SAHARA DREAMS CO. INC. f/k/a SAHARA DREAMS LIMITED   d/b/a Dream Hotel Downtown, SAHARA DREAMS LLC f/k/a SAHARA DREAMS LLC d/b/a Dream Hotel Downtown, SAHARA HAMPSHIRE HOTEL MANAGEMENT, LLC d/b/a Dream Hotel Midtown, SAHARA HAMPSHIRE HOTEL MANAGEMENT CO. II INC. f/k/a SAHARA HAMPSHIRE HOTEL MANAGEMENT CO. INC. f/k/a SAHARA HAMPSHIRE HOSPITALITY MANAGEMENT LIMITED d/b/a Dream Hotel Midtown, HAMPSHIRE HOTELS MANHATTAN LLC d/b/a Dream Hotels d/b/a Time Hotels d/b/a The Chatwal d/b/a Night Hotel d/b/a The Gallivant d/b/a Hampton Inn d/b/a Days Inn Hotel d/b/a Hilton Garden, HAMPSHIRE HOTELS GROUP II, LLC d/b/a Dream Hotels d/b/a Time Hotels d/b/a The Chatwal d/b/a Night Hotel d/b/a The Gallivant d/b/a Hampton Inn d/b/a Days Inn Hotel d/b/a Hilton Garden, HAMPSHIRE HOTELS GROUP, LLC d/b/a Dream Hotels d/b/a Time Hotels d/b/a The Chatwal d/b/a Night Hotel d/b/a The Gallivant d/b/a Hampton Inn d/b/a Days Inn Hotel d/b/a Hilton Garden, HAMPSHIRE HOTELS & RESORTS, LLC f/k/a HAMPSHIRE HOTELS & RESORTS LIMITED LIABILITY COMPANY d/b/a Dream Hotels d/b/a Time Hotels d/b/a The Chatwal d/b/a Night Hotel d/b/a The Gallivant d/b/a Hampton Inn d/b/a Days Inn Hotel d/b/a Hilton Garden, DREAM HOTEL GROUP, LLC f/k/a HAMPSHIRE HOTELS MANAGEMENT LLC d/b/a Dream Hotels d/b/a Time Hotels d/b/a The Chatwal d/b/a Night Hotel d/b/a The Gallivant d/b/a Hampton Inn d/b/a Days Inn Hotel d/b/a Hilton Garden (collectively, the "Corporate Defendants"), SANT SINGH CHATWAL, VIKRAM CHATWAL, JAY STEIN, RABINDER PAL SINGH, DAVID KUPERBERG, and SANDEEP WADHWA (collectively, the "Individual Defendants")(the Corporate Defendants and Individual Defendants are collectively referred to herein as the "Defendants"), respectfully submit this memorandum in support of their motion to dismiss Plaintiff's Amended Complaint

pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").

Defendants also seek a stay of discovery pursuant to Federal Rule of Civil Procedure 26(c),

during the pendency of the within motion.

## I.   PRELIMINARY STATEMENT

Defendants move to dismiss the Amended Complaint because Plaintiff fails to state a

claim under applicable law.  Specifically, Plaintiff's individual, collective and proposed Rule 23

Class claims against the Defendants for alleged violations of the Fair Labor Standards Act

("FLSA") and the New York Labor Law ("NYLL"), fail to sufficiently plead facts demonstrating

that Defendants were her "employer." The Amended Complaint alleges that Plaintiff worked for

the Dream Hotel Downtown located at 355 West 16th Street, New York, New York, between

May 16, 2011 and August 6, 2016. Amended Cplt., ¶ 8.[1]  However, beyond the mere recitation

of the legal standards applied by courts to assess "employer" status under the FLSA and NYLL,

Plaintiff's Amended Complaint is devoid of any facts to support her claims against the

Defendants and inappropriately seeks to expand this scope of this action. Plaintiff seeks to hold

nine Corporate Defendants and six Individual Defendants jointly and severally liable for alleged

FLSA and NYLL violations without identifying her "employer" or providing any plausible facts

to demonstrate how the Defendants exercised either formal or functional control over her work.

Instead, Plaintiff's claims rely on the unsubstantiated theory that the Corporate Defendants

constitute a single "enterprise" because they are "all members of a luxury hotel chain" operated

by a non-party "d/b/a" known as the "Dream Hotel Group." Amended Cplt., ¶66.  However,

beyond the mere recitation of factors for courts to consider when assessing whether multiple

---

[1] A copy of Plaintiff's Amended Complaint dated February 23, 2018 is attached as Exhibit A to the Declaration of
Felicia S. Ennis, Esq. in Support of the Defendants' Motion to Dismiss Plaintiff's Amended Complaint.

defendants can constitute a single employer [*id.*, ¶67], Plaintiff's Amended Complaint contains no facts to support her claim of single integrated enterprise.

Plaintiff's claims against the six Individual Defendants are similarly formulaic and therefore plausibly insufficient.  For example, Plaintiff alleges that Defendant David Kuperberg "(1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules and conditions of employment, (3) determined employee rates and methods of payment, and (4) maintained employee records…".  Amended Cplt., ¶ 59.  Plaintiff repeats these same boilerplate allegations against the other Individual Defendants.  *Id*., ¶¶47, 50, 53, 56, 59, 62.  Plaintiff presents no facts to substantiate her conclusory claims that the Individual Defendants had control over any aspect of Plaintiff's employment necessary to substantiate her claim that each was her "employer" within the meaning of the FLSA or the NYLL.

Finally, Plaintiff's claims asserting that "Defendants" filed fraudulent information returns in violation of 26 U.S.C. § 7434 [Count VII] and N.Y. C.L.S. General Business § 349 [Count IX] fails to provide any substantiation whatsoever, including whether any Defendant actually filed a fraudulent return.   Additionally, since Plaintiff has not sued as a "consumer," Plaintiff's claim under the NYGBL § 349 must fail.

In the absence of any supporting facts, Plaintiff's individual, collective and class claims against the Defendants merit dismissal with prejudice.

## II.    <u>STATEMENT OF FACTS</u>

### A.  Summary of Claims

Plaintiff Connie Kwan ("Plaintiff") brings individual as well as putative collective and class claims against nine Corporate Defendants and six Individual Defendants.  In her Amended Complaint filed on March 14, 2018, Plaintiff alleges (i) minimum wage violations of the Fair

Labor Standards Act, 29 U.S.C. § 206 ("FLSA") and New York Labor Law ("NYLL") for failure to pay for some hours worked (Counts I and II); (ii) violations of the FLSA and NYLL for failure to pay overtime (Counts III and IV); (iii) violation of 12 N.Y.C.R.R. § 146-2.1 for failure to maintain weekly payroll records (Count V); (iv) violation of N.Y. C.L.S. Labor § 195-1(a), which requires employers to provide employees with written wage statements and detailed paystub information (Counts VI and VII); and violations of 26 U.S.C. § 7434 and New York's General Business Law §349 for fraudulent filing of an information return (Counts VIII and IX).

Although Plaintiff brings her FLSA and NYLL claims against fifteen (15) Defendants, she does not identify her primary "employer" within the meaning of these statutes. Instead, Plaintiff alleges that she was employed by all "Defendants" at the Dream Hotel Downtown. *Id.*, ¶ 8. To support her FLSA and NYLL claims against the Corporate Defendants, Plaintiff relies exclusively on the allegation that all were members of a "luxury hotel chain doing business as Dream Hotel Group. . ." and that the Dream Hotel Group operated as a "'single and joint employer.'" Amended Complaint, ¶¶66-67. While Plaintiff contends that the Dream Hotel Group, which is not a named defendant, operates eleven hotels under various names, including the "Dream Hotel, Time Hotel, The Chatwal, and Night Hotel," as well as "The Gallivant, Hampton Inn, Days Inn Hotel, and Hilton Garden," [*id.*, ¶71], Plaintiff offers no facts showing any commonality or interrelationship in the operations of the Corporate Defendants.

Plaintiff's claims against the Individual Plaintiff's also lack factual support. To support her FLSA and NYLL claims against the Individual Defendants, Plaintiff alleges "upon information and belief," that each is an officer of one or more Corporate Defendants. *See* Amended Cplt., ¶¶ 48, 51, 54, 57, 60, 63. Plaintiff further alleges that each of the Individual Defendants "(1) had the power to hire and fire employees, (2) supervised and controlled

4

employee work schedules and conditions of employment, (3) determined employee rates and methods of payment, and (4) maintained employee records…". *Id.*, ¶¶ 47, 50, 53, 56, 59 and 62. However, Plaintiff fails to assert any facts suggestive of any employer-employee relationship between herself and any Individual Defendant.

### B.  Plaintiff's Employment

Plaintiff worked exclusively at the Dream Hotel Downtown, first as a room attendant and later as a floor manager. *Id.*, ¶8.  She worked as a room attendant from "on or about May 16, 2011 to April 30, 2015."*Id.*, ¶ 83.   As a room attendant, Plaintiff was required to clean guest rooms. *Id.*, ¶86.  Plaintiff alleges that her regular work schedule consisted of an eight-hour shift from 8:30 am to 4:30 pm, five days each week, with a one-hour lunch break. *Id.*, ¶99.  Plaintiff was initially paid an hourly rate of $16.00. *Id.*, ¶ 114.  On June 14, 2012, her hourly rate was increased to $17.50. *Id.*, ¶ 115.  On April 29, 2013, Plaintiff's hourly rate was increased to $18.50 [*id.,* ¶ 116] and on July 1, 2014, her hourly rate was increased to $19.50. *Id.*, ¶ 117.

Plaintiff contends that as a room attendant, she would be paid as if she had taken her full one-hour lunch break, even though she frequently took a shorter break. *Id.*, ¶102.  As a result, Plaintiff alleges that she worked approximately 40-hour each workweek but was not paid for all hours worked due to Defendants' policy of "time-shaving." *Id.*, ¶¶100-102.

 From "on or about May 4, 2015, to August 6, 2016,"[2] Plaintiff worked as a floor manager at the Dream Hotel Downtown. *Id.*., ¶ 85.  Plaintiff alleges that she replaced another floor manager, Joley Ferreras, who was transferred to the Dream Hotel Midtown. *Id.*  As a floor manager, Plaintiff received an annual salary of $45,000.00 from May 4, 2015 to June 30, 2016.

---

[2] Plaintiff left her employment at the Dream Hotel Downtown on August 6, 2016 following a reported work-related injury wherein she was hit on the nose by a clothing iron.

*Id.*, ¶ 118.  From July 1, 2016 to August 6, 2016, her annual salary increased to $46,349.86.  *Id.*, ¶ 119.

As a floor manager, Plaintiff alleges that her regular workweek consisted of five eight hours shifts that ran from 8:30 to "approximately" 5:30 four days per week and from 1 pm to 9pm one day per week.  *Id.,* ¶ 106.  However, Plaintiff further alleges that despite her eight-hour shifts, she "regularly" worked an additional half-hour per shift [*id.*, ¶107] and was "given at most ten (10) minutes to eat during the day." *Id.*, ¶ 108.  As a result, Plaintiff contends that she actually worked 46.5 hours per week but was not paid for all of her hours worked as a floor manager because she was misclassified by Defendants as an employee exempt from overtime.  *Id.*, ¶¶109,121, 124.  According to Plaintiff, from May 4, 2015 to June 30, 2016, she was given pay stubs that showed her pay rate as $24.7252 per hour and her hours worked as 35 per week.  *Id.*, ¶122.  From July 1, 2016 to August 6, 2016, her pays stubs showed her pay rate as $25.4669 per hour for a 35-hour workweek.  *Id.*, ¶123.  However, Plaintiff alleges that her rate of pay and hours worked per week were "cooked" by Defendants so that her paystub reflected her annual salary but those numbers "bore no resemblance to [her] actual hours worked.  *Id.,* ¶ 122, 123.

### C.  Plaintiff's Collective and Class Allegations

In addition to her individual claims, Plaintiff seeks to bring collective and class actions. Plaintiff purports to bring a collective action "on behalf of all other current and former non-exempt employees" employed by Defendants for the last three years "who were not compensated at least the hourly minimum wage and/or overtime for all hours worked in excess of forty (40) per week."  *Id.,* ¶ 128.  Plaintiff's proposed class action consists of two sub-classes: "all room attendants employed by Defendants in the state of New York (the "Room Attendant Sub-Class")," and "all floor managers employed by Defendants in the State of New York" (the "Floor

Manager Sub-Class"), for the six-year period prior to Plaintiff's filing of her original complaint. *Id.*, ¶ 129.

## III.   ARGUMENT

### A.   Plaintiff's Amended Complaint Fails to Satisfy the Plausibility Standard

To survive a motion to dismiss under Rule 12(b)(6) plaintiffs must plead enough facts to "to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although factual allegations are assumed to be true, they must still be sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The plausibility standard requires more than a showing of "sheer possibility that the defendant has acted unlawfully" and requires a plaintiff to make "more than an unadorned, the-defendant-unlawfully-harmed-me accusation . . . devoid of 'further factual enhancement.'" *Id.* (alteration in original) (*quoting Twombly*, 550 U.S. at 557). To meet this standard, a plaintiff must plead sufficient factual content to allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of [her] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration, citations, and internal quotation marks omitted). Thus, unless a plaintiff's well-pleaded allegations have "nudged [her] claims across the line from conceivable to plausible, [the plaintiff's] complaint must be dismissed.  *Id.*, at 570; *see Iqbal,* 556 U.S. at 680.

Though a plaintiff may plead facts alleged upon information and belief, "where the belief is based on factual information that makes the inference of culpability plausible," *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010), such allegations must be "'accompanied by a statement of the facts upon which the belief is founded.'" *Navarra v. Marlborough Gallery, Inc.*, 820 F. Supp. 2d 477, 485 (S.D.N.Y. 2011) (*quoting Prince v. Madison Square Garden*, 427 F. Supp. 2d 372, 385 (S.D.N.Y. 2006)); *see also Williams v. Calderoni*, 2012 U.S. Dist. LEXIS 28723, 2012 WL 691832, at *7 (S.D.N.Y. Mar. 1, 2012) (finding pleadings on information and belief insufficient where plaintiff pointed to no information that would render his statements anything more than speculative claims or conclusory assertions). A complaint that "tenders naked assertions devoid of further factual enhancement" will not survive a motion to dismiss under Rule 12(b)(6). *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 557) (internal quotation marks omitted).

In this case, Plaintiff's boilerplate and formulaic recitation of the elements of her FLSA and NYLL claims against the Defendants are insufficient to survive a motion to dismiss.  In her Amended Complaint, Plaintiff does not identify a single Defendant as her "employer" within the definition of either statute.  Moreover, Plaintiff's claims against the Corporate Defendants, which rely on a theory of "single and joint employer" [Amended Cplt., ¶¶ 66-67], are wholly unsupported by any plausible facts that demonstrate a commonality or interrelationship of operations and control over the Plaintiff's employment.  In the absence of any supporting facts, Plaintiff's claims are legally insufficient.  Similarly, in the absence of any facts demonstrating how the Individual Defendants controlled Plaintiff's work, her claims against the Individual Defendants must also fail.  Finally, in the absence of any facts alleging which, if any Defendant

actually filed a fraudulent return and how Plaintiff sustained damages as a result, Plaintiff's claims on these counts also merit dismissal.

### i.    Definition of "Employer" Under the FLSA and NYLL

To be liable under the FLSA and NYLL, a person must be deemed to be an "employer.'" *Bravo v. Established Burger One LLC*, 2013 U.S. Dist. LEXIS 146237, 2013 WL 5549495, at *5 (S.D.N.Y. Oct. 8, 2013).  "The statutory standard for employer status under the NYLL is nearly identical to that of the FLSA." *Hart v. Rick's Cabaret Intern., In*c., 967 F. Supp. 2d 901, 940 (S.D.N.Y. 2013); *see also Nakahata v. New York Presbyterian Healthcare Sys*., 2012 U.S. Dist. LEXIS 127824, at *11 (S.D.N.Y. Sept. 6, 2012) ("As NYLL employs similar standards and relies on the FLSA, such claims are often analyzed together.")

The FLSA defines an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d).  The NYLL defines "employer" to include "any person ... employing any individual in any occupation, industry, trade, business or service" or "any individual ... acting as employer." N.Y. Lab. Law §§ 190(3), 651(6). "The 'overarching concern' in determining whether an entity is an 'employer' is whether the entity 'possessed the power to control the workers in question, with an eye to the economic reality presented by the facts of each case.'" *See Lopez v. Acme Am. Envtl. Co.,* 2012 U.S. Dist. LEXIS 173290 at *3 (S.D.N.Y. Dec. 6, 2012)(citation omitted). Therefore, to determine whether an individual or entity is an "employer" under both statutes, courts in this circuit consider the "economic reality" of the employer-employee relationship.  *Bravo,* 2013 U.S. Dist. LEXIS 146237, 2013 WL 5549495, at *6; *see also, Cannon v. Douglas Elliman, LLC*, 2007 U.S. Dist. LEXIS 91139, 2007 WL 4358456, at *4 (S.D.N.Y. Dec. 10, 2007) ("Because the FLSA and New

York Labor Law employ similar standards with respect to employment status, [the economic reality] test has been used to analyze both federal and state wage claims.")

In assessing economic reality, the Second Circuit has traditionally articulated two tests for evaluating whether an employment relationship exists for the purposes of the FLSA: one relating to formal control and the other to functional control.  In assessing formal control, relevant factors include "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Bravo,* 2013 U.S. Dist. LEXIS 146237, 2013 WL 5549495, at *6; *see also, Serrano v I. Hardware Distribs*., 2016 US Dist LEXIS 47485, at *4-5 (S.D.N.Y. Apr. 7, 2016.)

Alternatively, an entity may functionally control workers even when it does not formally control them.  The Second Circuit analyzes functional control through a six-part test:  "(1) whether the alleged employer's premises and equipment were used for the Plaintiffs' work; (2) whether Plaintiffs shifted from one putative joint employer's premises to that of another; (3) the extent to which the work performed by Plaintiffs was integral to the overall business operation; (4) whether Plaintiffs' work responsibilities remained the same regardless of where they worked; (5) the degree to which the alleged employer or its agents supervised Plaintiffs' work, and (6) whether Plaintiffs worked exclusively or predominantly for one Defendant." *Barfield v. N.Y.C. Health & Hosps. Corp*., 537 F.3d 132, 143 (2d Cir. 2008).  No one factor is dispositive; a court is "free to consider any other factors it deems relevant to its assessment of the economic realities." *Zheng,* 355 F.3d at 71-72; *see also, Nakahata,* 2012 US Dist LEXIS 127824, at *30-32.

Here, Plaintiff purports to rely on a variation of the economic reality test based on single or joint employer status to support her claims against the Corporate Defendants.  Courts in this

District have applied the "single integrated enterprise" test to "assess whether a group of distinct but closely affiliated entities should be treated as a single employer for FLSA purposes." *Juarez v. 449 Rest., Inc.*, 29 F. Supp. 3d 363, 367 (S.D.N.Y. 2014). Under this test, "courts consider (1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control." *Apolinar v R.J. 49 Rest., LLC*, 2016 U.S. Dist. LEXIS 65733, at *4 (S.D.N.Y. May 18, 2016).  Although courts may consider various factors in determining whether to apply the integrated employer doctrine, "control of labor relations is the central concern." *Murray v. Miner*, 74 F.3d 402, 404 (2d Cir. 1996).

Under the "joint employer" test, courts evaluate the totality of the circumstances, viewed in light of "economic reality," to assess whether "an entity has functional control over workers even in the absence of the formal control measured by the Carter factors." *Zheng v. Liberty Apparel Co.*, 355 F.3d 61, 71 (2d Cir. 2003) (citation and quotation marks omitted) (discussing meaning of "joint employer" within meaning of the FLSA).

Importantly, courts in this District have repeatedly recognized that even if defendants are "part of an 'integrated enterprise' or 'engaged in a joint venture,' the various [corporate entities] may nevertheless employ separate people and, *absent control*, are not liable for the separate employees of joint ventures." *Apolinar v R.J. 49 Rest., LLC*, 2016 U.S. Dist. LEXIS 65733, at *12-13 (S.D.N.Y. May 18, 2016)(emphasis added), *citing Lopez*, 2012 U.S. Dist. LEXIS 173290, 2012 WL 6062501, at *4; *see also, Sampson v MediSys Health Network, Inc.,* 2012 US Dist LEXIS 103052, at *12-13 (E.D.N.Y. July 24, 2012)(holding that although the facts alleged "may suggest some kind of affiliation among the defendants," they were insufficient to allege a joint employer relationship); *Diaz v Consortium for Worker Educ., Inc*., 2010 US Dist LEXIS 107722, at *9-10 (S.D.N.Y. Sep. 28, 2010)(holding that allegations that defendants "shared a

common goal" is insufficient to qualify defendants as joint employers); *Cannon v. Douglas Elliman, LLC*, 2007 U.S. Dist. LEXIS 91139, 2007 WL 4358456 at *4 (S.D.N.Y. Dec. 10, 2007)(same).  Thus, under either the single integrated employer or joint employer test, Plaintiff must present sufficient facts demonstrating a relationship of control between the Corporate Defendants and herself.  *Lopez v Acme Am. Envtl. Co.*, 2012 U.S. Dist. LEXIS 173290, at *11 (S.D.N.Y. Dec. 6, 2012.)

Here, Plaintiff places all of her eggs in the single integrated enterprise basket: Plaintiff alleges that the Corporate Defendants were all members of the same hotel chain doing business under the name "Dream Hotel Group" and that the Dream Hotel Group "was and continues to be, [a] single and joint employer and has had a high degree of interrelated and unified operation, and shares common management, centralized control of labor relations, common ownership, common control, common website, common business purposes and interrelated business goals." Amended Cplt., ¶ 67.  However, beyond reciting the factors of the "single integrated enterprise" test courts consider in assessing single employer status under the FLSA, Plaintiff does not present any facts to support her claims against the Corporate Defendants.  In the absence of such facts, Plaintiff's speculative and conclusory claims against the Corporate Defendants cannot survive a motion to dismiss.

### B.  Plaintiff Does Not Allege Facts Sufficient to Support a Finding that the Corporate Defendants Are Plaintiff's Employer

Courts in this District have dismissed similar claims against corporate defendants based on such bald and conclusory allegations.  Under *Lopez v. Acme Am. Envtl. Co.,* 2012 U.S. Dist. LEXIS 173290 at *3 (S.D.N.Y. Dec. 6, 2012), plaintiffs sought to hold three corporate defendants liable for alleged FLSA and NYLL violations based on the theory that they formed a single integrated enterprise.  Plaintiffs alleged that all three of the corporate defendants were (1)

12

under common control; (2) operated from a single facility and shared key employees; and (3) shared a common clientele and worked for a common purpose. 2012 U.S. Dist. LEXIS 173290, at *10.  In granting a motion to dismiss the corporate defendants, the Court found the "[a]lthough they allege an 'integrated enterprise, Plaintiffs cannot escape their obligation under the FLSA to allege a relationship of control between the Corporate Moving Defendants and themselves." *Id.* at *11. Because the plaintiffs failed to allege that the relationship between themselves and the corporate defendants was one of control, the Court held that plaintiffs did not state a FLSA claim against them. *Id.*, *12-14.  Similarly, the *Lopez* Court also concluded that the plaintiffs had failed to allege that the corporate defendants had functional control over them by demonstrating that the "economic reality" of the relationship between plaintiffs and the corporate defendants was one of control.  Therefore, the Court concluded that Plaintiffs had failed to state an FLSA or NYLL claim against the corporate defendants.  *Id.*, *13-14.

In *Santana v Fishlegs*, LLC, 2013 US Dist LEXIS 159530 (S.D.N.Y. Nov. 7, 2013), the plaintiffs asserted claims for unpaid wages and overtime against seven corporate restaurant defendants, five of which had never employed them.  Nevertheless, the plaintiffs alleged the seven corporate defendants were a single integrated enterprise with shared ownership, operations, marketing, recruiting, employment methods and human resources personnel.  *Id.* at *12.  The court noted that in the Second Circuit, the "single or joint employer test," as articulated in *Gulino v. N.Y. State Educ. Dep't*, 460 F.3d 361, 378 (2d Cir. 2006), examines whether two or more employers are so interrelated, with centralized control of labor relations, and common management, ownership or financial control, that they should "be treated as one for purposes of assigning liability." *Id.* "In other words, if the Court were to find that the corporate Defendants are indeed a single integrated enterprise, each corporate Defendant could be liable to both

Plaintiffs and every individual who successfully opts into this action . . .".  *Santana*, 2013 U.S. Dist. LEXIS *23.   In the absence of sufficient pleadings showing an interrelationship of operations, plaintiff's claims against the corporate defendants were dismissed.  *Id.*

In *Apolinar v R.J. 49 Rest., LLC*, 2016 U.S. Dist. LEXIS 65733 (S.D.N.Y. May 18, 2016), the court dismissed plaintiffs' FLSA and NYLL claims against corporate defendants that did not directly employ the plaintiffs.  Rejecting plaintiffs' conclusory allegations of common ownership and a common purpose for several of the corporate defendants, the Court in *Apolinar* concluded that "the allegations, even when accepted as true as they must be on this motion, do not establish that the Moving Corporate Defendants had an interrelation of operations or centralized control of labor relations with plaintiffs' identified direct corporate employer.  *Id.*, 2016 U.S. Dist. at * 12.  For example, plaintiffs did not allege that the corporate defendants "had any sort of direct employer responsibility over them, such as the ability to hire or fire, or set work hours or job responsibilities."  *Id.* By "merely reciting the elements of a joint employer arrangement," the Court concluded that the plaintiffs had failed to plausibly allege joint employer status. *Id.*

Here, as in *Lopez*, *Santana* and *Apolinar*, Plaintiff's conclusory allegations against the Corporate Defendants, which merely recite the factors used by courts to assess a single integrated enterprise, fail to plausibly support her FLSA and NYLL claims.  In her Amended Complaint, Plaintiff alleges that each of the nine Corporate Defendants either "operated" or currently "operates" a hotel or group of hotels, under different names, at various locations throughout New York City and Nyack, New York. Amended Cplt., ¶¶10, 15, 19, 23, 26, 30, 34, 38 and 42.  Plaintiff further alleges that the Corporate Defendants "are all members of a luxury hotel chain doing business as Dream Hotel Group," and operating hotels under various names.

14

*Id.*, ¶ 66.  Without providing any further facts, Plaintiff concludes that the Dream Hotel Group "was, and continues to be, single and joint employer and has had a high degree of interrelated and unified operations, and shares common management, centralized control of labor relations, common ownership, common control, common website, common business purposes and interrelated business goals."  *Id.*, Amended Cplt., ¶67.  However, Plaintiff fails to present any facts to support her claim that the Corporate Defendants had an interrelation of operations or centralized control of labor relations to constitute a single integrated enterprise.  Moreover, even if Plaintiff pled sufficient facts demonstrating a single integrated enterprise, her claims must still fail in the absence of any facts demonstrating a relationship of control between the Corporate Defendants and herself.  *See, e.g., Cannon*, 2007 U.S. Dist. LEXIS 91139, at *12 (dismissing FLSA claims and holding that "beyond reciting the elements of a joint employer arrangement, plaintiffs have not shown that [the alleged employer] did, in fact, play a role in supervising plaintiffs' work").  Likewise, since Plaintiff admittedly worked at only one location – the Dream Hotel Downtown – her Amended Complaint does not, nor can it, suggest that Plaintiff had any relationship with the other hotels allegedly operated by the Corporate Defendants.

Plaintiff has also failed to assert any claims against the Defendants to support "joint employer" status.  *See Gisomme v. Healthex Corp.*, 2014 U.S. Dist. LEXIS 67588, 10-11 (E.D.N.Y. May 15, 2014)(citing *Tracy v. NVR, Inc.*, 667 F. Supp. 2d 244, 247 (W.D.N.Y. 2009) (finding "boilerplate allegations" that defendant met requirements of economic reality test without supporting facts "insufficient to state plausible claim for individual's liability as employer under FLSA); *Nakahata v. New York-Presbyterian Healthcare Sys.*, 2012 U.S. Dist. LEXIS 127824, *36-37 (S.D.N.Y. September 6, 2012); *Diaz v. Consortium for Worker Educ., Inc.,* 2010 U.S. Dist. LEXIS 107722, at *4 (S.D.N.Y. Sept. 28, 2010). As stated above, an

assessment of joint employer status requires sufficient facts to show that the Defendants had functional control over Plaintiff's work.  Here, no such facts are provided in Plaintiff's Amended Complaint.

Simply put, Plaintiff's bare recitation of the elements of a single integrated enterprise without any factual support and the absence of any facts demonstrating how the Corporate Defendants commonly controlled Plaintiff's work conditions, fails to plausibly support any claims against the Corporate Defendants based on "employer" status under the FLSA or NYLL.

### C. Plaintiff's Amended Complaint Fails to Allege Facts Sufficient to State Claims Against the Individual Defendants

To determine whether an individual is an "employer" under the FLSA and NYLL, courts in this circuit also consider the "economic realities" of the employer-employee relationship. *Bravo v Established Burger One LLC*, 2013 U.S. Dist. LEXIS 146237, at *17-18 (S.D.N.Y. Oct. 8, 2013.)  As stated previously, relevant factors include "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *See Serrano v I. Hardware Distribs*., 2016 US Dist LEXIS 47485, at *5 (S.D.N.Y. Apr. 7, 2016)(citation omitted*)*.

In her Amended Complaint, Plaintiff merely recites the four factors of the economic realities test as the basis for her claims against the Individual Defendants.  Plaintiff alleges that the Individual Defendants "(1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules and conditions of employment, (3) determined employee rates and methods of payment, and (4) maintained employee records…".  *See* Amended Cplt., ¶¶ 47, 50, 53, 56, 59, 62.  Plaintiff further alleges "upon information and belief" that the Individual

Defendants are officers of certain Corporate Defendants and therefore "jointly and severally liable" as Plaintiff's "employer." *Id.*, ¶¶ 48, 51, 54, 57, 60, 63.

However, courts in this circuit have held, the "mere boilerplate allegations that an individual meets the various prongs of the economic reality test" are insufficient to survive a motion to dismiss. *Bravo*, 2013 US Dist LEXIS at *18-20 (dismissing a complaint against individual corporate officers because "Plaintiffs allege no specific facts, aside from the elements of the 'economic reality test,' to satisfy their pleading burden."); *see also, Serrano.,* 2016 U.S. Dist. LEXIS 47485, at *6 (boilerplate allegations that an individual defendant had control over plaintiffs' work conditions or that she set their work schedules and compensation are plainly insufficient); *Apolinar v R.J. 49 Rest., LLC*, 2016 US Dist LEXIS 65733, at *15 (S.D.N.Y. May 18, 2016)(dismissing plaintiffs' claims against an individual defendant where the amended complaint was "devoid of any non-conclusory allegations suggesting that [defendant] exercised any degree over the particular Toasties location that employed plaintiffs, or that she otherwise had any direct relationship of control over plaintiffs' terms and conditions of employment.")

In *Nakahata v. New York-Presbyterian Healthcare Sys., Inc*., 2012 U.S. Dist. LEXIS 127824, 2012 WL 3886555 (S.D.N.Y. Sept. 6, 2012), plaintiffs asserted FLSA and NYLL claims against individual defendants who were the chief executive officer and senior vice president of a hospital, respectively.  Plaintiffs alleged that the individual defendants had "operational control" over the hospital and had "authority to make 'employment decisions' concerning hirings and firings, and were 'involved in the creation and/or maintenance of the illegal policies.'" 2012 U.S. Dist. LEXIS 127824 at *11. The *Nakahata* court found the allegations insufficient to show the individual defendants were plaintiffs' employer.  As the court observed, "upon careful analysis, the complaint asserts little more than because [the individual defendants held positions as

directors and officers], then each must have had authority to take the actions that comprise the 'economic realities' test, and that because each had the authority to take those actions, then each must have in fact taken those actions." *Id.*, 2012 U.S. Dist. LEXIS 127824 at *37 (citation omitted).  Rejecting this approach, the court cautioned that "[t]o accept the adequacy of these allegations would license suit under the FLSA against every high level officer and board member of large public companies simply because of the position the individual holds." *Id.*

Rather, as the Second Circuit has recognized, the touchstone in determining whether an individual is a statutory employer is "operational control" over employees, meaning whether the individual exercises control over and makes decisions that "directly affect the nature or conditions of the employees' employment." *Irizarry v. Catsimatidis*, 722 F.3d 99, 110 (2d Cir. 2013). While direct control over employees is not a requirement to be liable under the FLSA, there needs to be some "individual involvement" in a company "in a manner that affects employment-related factors such as workplace conditions and operations, personnel, or compensation -- even if this appears to establish a higher threshold for individual liability than for corporate 'employer' status." *Id.,* 722 F.3d at 109. But again, conclusory allegations without sufficient factual support will not defeat a motion to dismiss.

In *Gisomme v. Healthex Corp.*, plaintiffs alleged that a defendant, was "actively involved in day-to-day operations, exercising significant managerial control over their operations, policies, practices, and procedure," and "had the power to hire and terminate employees, control work schedules and conditions of employment, and set wages." 2014 U.S. Dist. LEXIS 67588, *10-11.  The court rejected plaintiff's conclusory allegations of defendant's operational control and dismissed the complaint. *Id.*

Similarly, in *Sampson v. MediSys Health Network, Inc*., the court recommended dismissal of nearly identical allegations as insufficient to show individual defendants were plaintiffs' employer. 2012 U.S. Dist. LEXIS 103012, at *7 (E.D.N.Y. Feb. 9, 2012).

Based on the relevant pleading standards, Plaintiff's FLSA and NYLL claims against the Individual Defendants must fail in the absence of any supporting facts besides the boilerplate elements of the economic realty test.  Additionally, Plaintiff has failed to present any facts demonstrating that the Individual Defendants exercised any degree of formal or operational control over her work. Since Plaintiff has failed to plead any facts demonstrating Defendants' "employer" status under the FLSA and NYLL, those claims against the Defendants [Counts I, II, III, IV, V, VI, VII], should be dismissed.

### D.  Plaintiff's Minimum Wage Claims Must Be Dismissed

Even assuming arguendo that Plaintiff sufficiently alleged "employer" status against one or more Defendants, her FLSA and NYLL claims for the nonpayment of minimum wages [Counts I and II] must still fail.  Count I of Plaintiff's Complaint alleges FLSA violations for failure to pay the statutory minimum wage.  Count II alleges the same minimum wage violation under New York Labor Law.  In support, Plaintiff's bare and conclusory assertions allege that "from on or about May 16, 2011, to May 31, 2015, [her] regular work schedule as a room attendant ran from 8:30 to 16:30, with one (1) hour-long break for lunch during the day, Mondays through Fridays." Amended Cplt., ¶99.  As a result, Plaintiff alleges that from "on or about May 16, 2011 to May 31, 2015, [she] worked approximately forty (40) hours per week," [*id.*, ¶100], but was not paid for all hours worked due to Defendants' policy of "time-shaving." *Id.*, ¶ 101.

Based on the foregoing, Plaintiff has not adequately pled any FLSA or NYLL claim based on minimum wage violations.  Plaintiff alleges that she was not paid for all hours worked because on certain days, she clocked back into work before the end of her one-hour unpaid meal break. Amended Cplt., ¶104.  However, under the FLSA and NYLL, bona fide meal periods are not considered work time. 29 C.F.R. § 785.19; N.Y. Lab. Law § 162.  Automatic meal deduction policies, such as the policy allegedly implemented by the Dream Hotel Downtown where she worked, are not per se illegal, and employers utilizing such policies "may legally shift the burden to their employees to cancel the automatic deduction if they work through an unpaid meal break." *Nakahata v. New York-Presbyterian Healthcare Sys.*, 2012 U.S. Dist. LEXIS 127824 *, 2012 WL 3886555 (S.D.N.Y. Sept. 6, 2012), *quoting Wolman v. Catholic Health Sys. of Long Island, Inc*., 853 F. Supp. 2d 290, 2012 U.S. Dist. LEXIS 21654, 2012 WL 566255 (E.D.N.Y. Feb. 16, 2012)(reversed and remanded on other grounds).  In other words, an employer is not obligated to "ensure" that its employees are not working during unpaid meal breaks.  Instead, it is the failure to compensate an employee who worked with the employer's knowledge through an unpaid meal break that potentially violates the FLSA.  *See, e.g., Kuebel v. Black & Decker Inc*., 643 F.3d 352, 363 (2d Cir. 2011).  Here, Plaintiff has failed to allege any plausible facts sufficient to support a meal break violation nor has Plaintiff presented any other facts to support her claims under the FLSA and NYLL [Counts 1 and 2] that she was not properly compensated for all hours worked as a room attendant.

Additionally, Plaintiff's FLSA claim is also defective because FLSA does not allow recovery for Plaintiff's "gap-time" claim.  Plaintiff alleges that as a room attendant, she regularly worked a 40-hour week but was not paid for all hours worked.  Amended Cplt., ¶¶100-101. Thus, Plaintiff's claim for unpaid work under 40 hours is a "gap-time" claim.  As the Second

Circuit explained in *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F.3d 106, 115-116 (2d Cir. 2013), gap-time hours are not recoverable under the FLSA, "unless the average hourly wage falls below the federal minimum wage." *Id.* at 116; *citing United States v. Klinghoffer Bros. Realty Corp.*, 285 F.2d 487, 494 (2d Cir. 1960)(denying petitions for rehearing); *Monahan v. Cnty. of Chesterfield*, 95 F.3d 1263, 1280 (4th Cir. 1996) ("Logically, in pay periods without overtime, there can be no violation of section 207 which regulates overtime payment."); *see* also, *Nakahata v. New York-Presbyterian Healthcare Sys.*, 723 F.3d 192 (2d Cir. 2013)(even if an employee works over 40 hours per week, FLSA does not provide any remedy for such "gap-time" claims for unpaid hours under 40 per week so long as the average hourly rate meets or exceeds the federal minimum wage.)  Here, Plaintiff's compensation as a room attendant – which ranged from $16.00 per hour to $19.50 per hour - exceeded the average hourly federal minimum wage rate in effect during the relevant period.  For example, in 2011, when Plaintiff was paid $16.00 per hour for a 35-hour workweek, her gross earnings were $560.  Assuming, as Plaintiff alleges, she actually worked 40 hours per week, her average hourly wage would be reduced to $14.00 per hour [$560 ÷ 40] – an amount that still exceeded the federal minimum wage of $7.25. Therefore, since at all relevant times Plaintiff's earnings exceeded the Federal minimum wage, Plaintiff's gap-time claim under the FLSA cannot be maintained.

### E.  Plaintiff Has Failed to State A Claim for Unpaid Overtime

Both the FLSA and NYLL provide that a non-exempt employee must be paid one and one-half times their regular rate for hours worked in excess of forty hours per week. 29 U.S.C. § 207(a) (1); 12 N.Y.C.R.R. § 142-2.2; *Soto v. Armstrong Realty Mgmt. Corp.,* 2016 U.S. Dist. LEXIS 176740, 2016 WL 7396687 (S.D.N.Y. Dec. 21, 2016).  Plaintiff seeks damages for

unpaid overtime under both the FLSA [Count III] and NYLL [Count IV], for the period that she
worked as a floor manager.

In Count III of her Amended Complaint, Plaintiff alleges overtime violations under the
FLSA during her employment as a floor manager as a result of being misclassified as an exempt
employee. Amended Cplt., ¶ 155.  As an initial matter, to the extent that Plaintiff claims that she
is entitled to any unpaid wages under the 40-hour threshold while she was employed as a floor
manager, that claim must fail for the reasons detailed above.  Next, to the extent that Plaintiff
contends that she is entitled to unpaid overtime, her complaint lacks the requisite degree of
specificity needed to state a plausible overtime claim.

The Second Circuit has addressed the degree of specificity required to state a FLSA
overtime claim.  In *Lundy v Catholic Health Sys. of Long Is., Inc.*, 711 F3d 106 (2d Cir 2013),
the Second Circuit determined that plaintiffs' overtime allegations, consisting of general claims
that plaintiffs worked in excess of 40 hours per week, failed to meet the requisite specificity
because "Plaintiffs have not alleged a single workweek in which they worked at least 40 hours
and also worked uncompensated time in excess of 40 hours." *Id.* at 114.  The Court concluded
that while it was possible that plaintiffs missed all meal breaks or worked additional hours
around their shifts, in the absence of further specificity, "this invited speculation does not amount
to a plausible claim under FLSA." *Id.* at 115.

In *Nakahata v NY-Presbyterian Healthcare Sys.*, 723 F3d 192, 199-200 (2d Cir. 2013),
the Second Circuit revisited the specificity required to state a FLSA overtime claim.  The
plaintiffs in *Nakahata* alleged uncompensated work during meal breaks, required training
sessions, and extra shift time. However, as the Second Circuit observed, the plaintiffs failed to

22

"provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week." *Id*. at 201.

      Here, Plaintiff does not identify any specific workweek in which she worked unpaid overtime, nor does she provide any facts to substantiate her claim that she worked through every meal break or worked additional shift time.  Instead, Plaintiff's claim consists of unsubstantiated approximations concerning the hours she allegedly worked.  For example, Plaintiff alleges that from June 1, 2015 to August 6, 2016, her regular work schedule as a floor manager ran from 8:30 am "to approximately 17:30" [5:30 pm] four days per week and from 13:00 [1:00 pm] to 21:00 [9:00 pm] one day per week. Amended Cplt., ¶ 106.  However, Plaintiff does not provide any further facts to substantiate the "approximate" length of her shifts while she was a floor manager, including whether her shifts included meal periods or whether she worked shorter shifts.  Plaintiff further alleges that from June 1, 2015 to August 6, 2016, she "actually left work around 18:00 [6:00 pm] on days she was scheduled to work until 17:30 [5:30 pm] and around 21:30 [9:30 pm] on days she was scheduled to work until 21:00 [9:00 pm]."  *Id*., ¶ 107. However, Plaintiff does not allege any facts demonstrating what, if any uncompensated work she actually performed for any Defendant on days that she "left work" later than her scheduled shift. Moreover, Plaintiff does not allege that Defendants were aware of any additional shift work that she may have performed.  Finally, Plaintiff's conclusory claim that she was "given at most ten (10) minutes to eat during the day . . .".  [*id*., ¶ 108], falls short of establishing a meal break violation.  As noted above, it is the failure to compensate an employee who worked with the employer's knowledge through an unpaid meal break that potentially violates the FLSA.  *See, e.g., Kuebel v. Black & Decker Inc*., 643 F.3d 352, 363 (2d Cir. 2011).  To plead a plausible FLSA and NYLL overtime claim, Plaintiff must provide sufficient detail about the length and

frequency of her unpaid work to support a reasonable inference that she worked more than forty hours in a given week.  Here, Plaintiff's conclusory and unsubstantiated claims fail to rise to the level of plausibility and should be dismissed.

### F.  Plaintiff Cannot Maintain Her Claims for Fraudulent Filing of Information Returns

Plaintiff also asserts claims that Defendants filed fraudulent information returns in violation of 26 U.S.C. § 7434 [Count VII] and N.Y. C.L.S. General Business § 349 [Count IX]. However, beyond naked conclusions, Plaintiff's complaint fails to provide any factual support for these claims.  For example, Plaintiff has failed to specify which, if any Defendant, actually filed a fraudulent return and how Plaintiff sustained any damages as a result.  Accordingly, Plaintiff has failed to state a claim under 26 U.S.C. § 7434.  *Jianjun Chen v. 2425 Broadway Chao Rest., LLC*, 2017 U.S. Dist. LEXIS 92149, 2017 WL 2600051 (S.D.N.Y. June 15, 2017). Additionally, to make out a prima facie case under NYGBL § 349, a plaintiff must demonstrate that "(1) the defendant's deceptive acts were directed at consumers, (2) the acts are misleading in a material way, and (3) the plaintiff has been injured as a result." *Maurizio v. Goldsmith*, 230 F.3d 518, 521 (2d Cir. 2000).  Since Plaintiff has not sued as a "consumer," Plaintiff has failed to state a claim under the NYGBL § 349.

### G.  Discovery Should Be Stayed

Federal Rule of Civil Procedure 26(c) provides that "for good cause shown," a district court has the discretion to stay discovery or make a protective order limiting discovery to certain matters. Fed. R. Civ. P. 26(c).  While the issuance of a stay of discovery pending the outcome of a motion to dismiss is "by no means automatic," *Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, 2009 U.S. Dist. LEXIS 78476, 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009),

Here, Defendants have presented a compelling basis for the dismissal of Plaintiff's claims. Plaintiff -who admittedly worked at only one hotel – seeks to impose joint and several liability against fifteen separate Defendants operating eleven different hotels without any supporting facts.  Plaintiff has failed to identify any Defendant as her primary "employer," has failed to plead facts in support of her boilerplate claim that the Corporate Defendants operated a single integrated enterprise and has failed to plead facts demonstrating Defendants' control over her work.   Additionally, Plaintiff has failed to plead facts sufficient to support her claims based on the fraudulent filing of tax returns.  Plaintiff's overreaching is by her own design and in the absence of any facts to support her conclusory claims, Plaintiff should not be granted the opportunity to engage in discovery tantamount to a fishing expedition.

**IV.    CONCLUSION**

Accordingly, based on the foregoing, Plaintiff's claims against the Defendants should be dismissed in their entirety with prejudice and without the right to replead a third time because there are no facts to support their implausible claims.

Dated: New York, New York            Respectfully submitted,
       April 12, 2018

                                     ROBINSON BROG LEINWAND GREENE
                                          GENOVESE & GLUCK P.C.

                                     By:   /s/ Felicia S. Ennis
                                           Felicia S. Ennis
                                           875 Third Avenue, 9th Floor
                                           New York, NY  10022
                                           T:  (212) 603-6300
                                           F:  (212) 956-2164