USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 12/19/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHUI-FAN KWAN *also known as* CONNIE KWAN, *on behalf of herself and others similarly situated*,

Plaintiff,

v.

SAHARA DREAMS CO. II INC., *doing business as* DREAM HOTEL DOWNTOWN, *et al.*,

Defendants.

No. 17-CV-4058 (RA)

OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

Plaintiff Chui-Fan Kwan brings this putative class action and collective action against nine Corporate Defendants and six Individual Defendants (collectively, "Defendants")[1] for alleged violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").[2]

[1] The Corporate Defendants are SAHARA DREAMS CO. II INC. f/k/a SAHARA DREAMS CO. INC f/k/a SAHARA DREAMS LIMITED d/b/a Dream Hotel Downtown; SAHARA DREAMS LLC, f/k/a SAHARA DREAMS LLC d/b/a Dream Hotel Downtown; SAHARA HAMPSHIRE HOTEL MANAGEMENT LLC d/b/a Dream Hotel Midtown; SAHARA HAMPSHIRE HOTEL MANAGEMENT CO. II INC. f/k/a SAHARA HAMPSHIRE HOTEL MANAGEMENT CO. INC. f/k/a SAHARA HAMPSHIRE HOSPITALITY MANAGEMENT LIMITED d/b/a Dream Hotel Midtown; HAMPSHIRE HOTELS MANHATTAN LLC d/b/a Dream Hotels d/b/a Time Hotels d/b/a The Chatwal d/b/a Night Hotel d/b/a The Gallivant d/b/a Hampton Inn d/b/a Days Inn Hotel d/b/a Hilton Garden; HAMPSHIRE HOTELS GROUP II, LLC d/b/a Dream Hotels d/b/a Time Hotels d/b/a The Chatwal d/b/a Night Hotel d/b/a The Gallivant d/b/a Hampton Inn d/b/a Days Inn Hotel d/b/a Hilton Garden; HAMPSHIRE HOTELS GROUP, LLC d/b/a Dream Hotels d/b/a Time Hotels d/b/a The Chatwal d/b/a Night Hotel d/b/a The Gallivant d/b/a Hampton Inn d/b/a Days Inn Hotel d/b/a Hilton Garden; HAMPSHIRE HOTELS & RESORTS, LLC f/k/a HAMPSHIRE HOTELS & RESORTS LIMITED LIABILIY COMPANY d/b/a Dream Hotels d/b/a Time Hotels d/b/a The Chatwal d/b/a Night Hotel d/b/a The Gallivant d/b/a Hampton Inn d/b/a Days Inn Hotel d/b/a Hilton Garden; and DREAM HOTEL GROUP, LLC f/k/a HAMPSHIRE HOTELS MANAGEMENT LLC d/b/a Dream Hotels d/b/a Time Hotels d/b/a The Chatwal d/b/a Night Hotel d/b/a The Gallivant d/b/a Hampton Inn d/b/a Days Inn Hotel d/b/a Hilton Garden. The Individual Defendants are SANT SING CHATWAL, VIKRAM CHATWAL, JAY STEIN, RABINDER PAL SINGH, DAVID KUPERBERG, and SANDEEP WADHWA.

[2] The Amended Complaint also alleges that Defendants fraudulently filed information returns in violation of the Internal Revenue Code and New York General Business Law. Am. Compl. at ¶¶ 180–86. Plaintiff, however, "does not object to dismissal of claims for fraudulent filing of information returns." Pl's. Opp. at 11.

Before the Court is Defendants' motion to dismiss the Amended Complaint. For the reasons that follow, Defendants' motion is granted.

## BACKGROUND

Plaintiff alleges that she was "employed by Defendants" to work at the Dream Hotel Downtown in Manhattan, first as a room attendant and then as a floor manager. Am. Compl. at ¶ 8. As a room attendant, she was responsible for cleaning guest rooms. *Id.* at ¶ 86. As a floor manager, she was primarily responsible for checking guest rooms that were cleaned by the floor attendants and for inspecting the halls, stairwells, and the supply closet on her floor. *Id.* at ¶ 88. While employed at the Dream Hotel Downtown, Plaintiff alleges, she was denied overtime compensation and was not paid for all of the hours she worked. Specifically, Plaintiff alleges that, as a room attendant, she was paid as if she worked from 8:30 a.m. until 4:30 p.m. with a one-hour lunch break, even though she regularly worked past 4:30 p.m. and took lunch breaks as short as 16 minutes. *Id.* at ¶¶ 102–03. In addition, Plaintiff alleges that, as a floor manager, she regularly worked 30 minutes past her shift and was denied overtime compensation due to Defendants' misclassification of her as an exempt managerial employee. *Id.* at ¶ 121.

On May 30, 2017, Plaintiff filed the initial complaint in this action and on March 14, 2018, she filed the Amended Complaint. In the Amended Complaint, Plaintiff does not identify her direct employer. Instead, she alleges that she was employed by all 15 Defendants—nine Corporate Defendants and six Individual Defendants, who are officers and directors of some of the named corporate entities. *Id.* at ¶¶ 8, 9–64. Plaintiff asserts that the Corporate Defendants "are all members of a luxury hotel chain doing business as Dream Hotel Group," which is a "single and joint employer and has had a high degree of interrelated and unified operation, and shares common management, centralized control of labor relations, common ownership, common control,

common website, common business purposes and interrelated business goals." *Id.* at ¶¶ 66–67. As to the Individual Defendants, Plaintiff alleges that each "(1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules and conditions of employment, (3) determined employee rates and methods of employment, and (4) maintained employee records." *Id.* at ¶¶ 47, 50, 53, 56, 59, 62.

Defendants filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), principally contending that the Amended Complaint failed to plausibly allege that Defendants were her "employers" under the FLSA and the NYLL.

**STANDARD OF REVIEW**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* On a motion to dismiss, the Court accepts as true the factual allegations in the complaint and draws all reasonable inferences in the plaintiff's favor. *See Lopez v. Acme Am. Envtl. Co., Inc.*, No. 12-cv-511, 2012 WL 6062501, at *2 (S.D.N.Y. Dec. 6, 2012). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not accepted as true and "do not suffice" to state a plausible claim. *Iqbal*, 556 U.S. at 678.

**DISCUSSION**

The FLSA imposes liability on "employer[s]" for unpaid minimum wages and overtime compensation. 29 U.S.C. § 216(b). An "employer" is defined by the FLSA as "any person acting directly or indirectly in the interest of an employer in relation to an employee," and to "employ"

within the meaning of the statute means "to suffer or permit to work." 29 U.S.C. § 203(d), (g). "This definition is necessarily a broad one, in accordance with the remedial purpose of the FLSA." *Zheng v. Liberty Apparel Co. Inc.*, 355 F.3d 61, 66 (2d Cir. 2003).

Whether an employment relationship exists for the purposes of the FLSA is determined "on a case-by-case basis by review of the totality of the circumstances," and "should be grounded in 'economic reality rather than technical concepts.'" *Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 141–42 (2d Cir. 2008) (quoting *Goldberg v. Whitaker House Coop., Inc.*, 366 U.S. 28, 33 (1961)). "[T]he overarching concern is whether the alleged employer possessed the power to control the workers in question, with an eye to the economic reality presented by the facts of each case." *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999) (internal citation omitted).

Consistent with these overarching principles, the Second Circuit has applied various non-exclusive, multi-factor tests to assess whether employment relationships exist in particular contexts. *See Zheng*, 355 F.3d at 66–68. Most relevant here is the four-factor "economic reality" test used to assess which of multiple potential defendants may be held liable under the FLSA as an employer. *See id.* at 67 (citing *Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8, 12 (2d Cir. 1984)). Under this test, courts consider whether a defendant "(1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Id.* The same analysis has been applied in claims brought under the NYLL. *Apolinar v. R.J. 49 Rest., LLC*, No. 15-cv-8655, 2016 U.S. Dist. LEXIS 65733, at *9 (S.D.N.Y. May 18, 2016); *Xue Lian Lin v. Comprehensive Health Mgmt.*, 2009 U.S. Dist. LEXIS 29779, at *6 (S.D.N.Y. April 9, 2009). Because Plaintiff here has failed to plead any non-conclusory factual allegations supporting these

factors, and has otherwise failed to plausibly allege that Defendants had the power to control her employment, the Defendants' motion to dismiss the Amended Complaint is granted.

## I. Corporate Defendants

Plaintiff asserts that the nine Corporate Defendants operated collectively as her employer as a "single integrated enterprise." Pl's. Opp. at 4. "A single employer situation exists where two nominally separate entities are actually part of a single integrated enterprise." *Arculeo v. On-Site Sales & Marketing, LLC*, 425 F.3d 193, 198 (2d Cir. 2005). In such circumstances, liability may, where appropriate, be imposed "not only on the nominal employer but also on another entity comprising part of the single integrated employer." *Id.* To assess whether "a group of distinct but closely affiliated entities should be treated as a single employer for FLSA purposes," courts in this district commonly consider "(1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control." *Juarez v. 449 Rest., Inc.*, 29 F. Supp. 3d 363, 367 (S.D.N.Y. 2014).[3]

Nominally distinct entities have been found to plausibly constitute a "single integrated enterprise" where, for example, the entities were part of a single restaurant chain, used the same décor, menus, and uniforms, subjected their employees to the same policies, and used a single, common manager to pay and supervise their employees. *Id.* at 367–68. Similarly, allegations were sufficient to support proceeding against multiple corporate defendants on a "single integrated enterprise" theory where multiple restaurants shared a website, were marketed as one entity, used

[3] Although the Second Circuit has applied the single integrated employer doctrine in other employment contexts, *see, e.g. Cook v. Arrowsmith Shellburne, Inc.*, 69 F.3d 1235, 1240 (2d Cir. 1995) (in the Title VII context, applying the single integrated employer test to determine whether a parent company may be considered an employer of its subsidiary's employees), it has not done so in the FLSA context. Nevertheless, courts in this district frequently apply the doctrine to assess whether affiliated entities may be considered a single integrated employer for the purposes of FLSA liability. *See, e.g., De Los Santos v. Hat Trick Pizza, Inc.*, 16-cv-6274, 2018 U.S. Dist. LEXIS 51393, at *8 (S.D.N.Y. Mar. 27, 2018); *Apolinar v. R.J. 49 Rest., LLC*, No. 15-cv-8655, 2016 U.S. Dist. LEXIS 65733, at *8 (S.D.N.Y. May 18, 2016); *Perez v. Westchester Foreign Autos, Inc.*, 11-cv-6091, 2013 U.S. Dist. LEXIS 35808, at *20 (S.D.N.Y. Feb. 28, 2013).

a single payroll method out of a centralized office, moved employees and food between restaurants, and used a common supervisor. *Bravo v. Established Burger One LLC*, No. 12-cv-9044, 2013 WL 5549495, at *8 (S.D.N.Y. Oct. 8, 2013).

In contrast, courts have found allegations insufficient to plead the existence of a single integrated enterprise where, despite allegations of common ownership, the pleadings failed to put forth non-conclusory allegations of the interrelation of operations or centralized control of labor relations. For example, allegations that several restaurant chain locations were listed on the same website and had identical menus were insufficient to allege the existence of a single integrated enterprise, absent any allegations of centralized control. *Apolinar v. R.J. 49 Rest., LLC*, No. 15-cv-8655, 2016 U.S. Dist. LEXIS 65733, at *13 (S.D.N.Y. May 18, 2016). Similarly, allegations were considered insufficient to impose liability on multiple corporate defendants on the theory that they were a single integrated enterprise where, despite allegations of common ownership and common purpose, the pleadings failed to allege that the corporate defendants had any formal or functional control over the plaintiff-employees. *Lopez,* 2012 WL 6062501, at *5.

Here, as in *Lopez* and *Apolinar*, Plaintiff has failed to plead sufficient non-conclusory allegations that the Corporate Defendants shared centralized control over their employees. The Amended Complaint principally relies on conclusory, boilerplate allegations of the elements of a single integrated enterprise, asserting—without any factual support—that Defendants have "a high degree of interrelated and unified operation," and share "common management, centralized control of labor relations, common ownership, common control, common website, common business purposes and interrelated business goals." Am. Compl. at ¶ 67. Beyond these conclusory assertions, Plaintiff merely alleges that the Corporate Defendants are members of the same luxury

hotel chain, that they share a website, and that they transfer employees between hotels. *Id.* at ¶¶ 66, 68, 73.

These allegations do not support the inference that the Corporate Defendants shared centralized control of labor relations or interrelation of operations, much less that they had any control—as a matter of economic reality—over Plaintiff. While sharing a common website may be sufficient to infer common ownership, it does suggest that Defendants shared centralized control over their employees. *See Apolinar*, 2016 U.S. Dist. LEXIS 65733, at *13. The allegation that the Dream Hotel Group "transfers employees between hotels" is alone insufficient to draw an inference of centralized control, particularly because Plaintiff herself worked at only one location and the Amended Complaint nowhere alleges that the Corporate Defendants treated their employees interchangeably or subjected them to the same policies. *Cf. Juarez*, 29 F. Supp. 3d at 368 (allegations of a single integrated enterprise were sufficient where the plaintiff alleged, among other things, that he personally worked at three of the locations and that employees were commonly directed to work at multiple locations without retraining). Unlike in *Juarez* and *Bravo*, Plaintiff here does not allege that employees of the Corporate Defendants were subjected to the same employment policies, supervised by the same individuals, or paid by the same people using the same payroll methods. In short, the Amended Complaint fails to provide factual support for its conclusory allegations of centralized operations and control, and "entirely leave[s] out the relationship that plaintiff[], as employee[], had to the . . . locations besides the one location at which plaintiff[] actually worked."[4] *Apolinar*, 2016 U.S. Dist. LEXIS 65733, at *13. Because

[4] Although the Amended Complaint alleges that Plaintiff worked at the Dream Hotel Downtown located at 355 W. 16th Street, it asserts that at least two entities operated that hotel and provides no additional allegations that permit the Court to discern which of those entities functioned as Plaintiff's employer. Because, as discussed above, the Amended Complaint also fails to plausibly allege that these entities operated as a single integrated enterprise, Plaintiff has failed to plausibly plead that any of the Corporate Defendants was Plaintiff's employer.

the Amended Complaint does not plausibly allege that the Corporate Defendants comprise a single integrated enterprise, and further fails to allege that any one of the nine Corporate Defendants functioned as Plaintiff's employer, the motion to dismiss is granted as to the Corporate Defendants.

### II. Individual Defendants

Plaintiff also fails to plausibly allege that any of the six Individual Defendants is her employer. "Courts in this circuit have held that mere boilerplate allegations that an individual meets the various prongs of the economic reality test are insufficient to survive a motion to dismiss." *Bravo*, 2013 WL 5549495, at *7 (internal quotation marks omitted) (collecting cases). Here, Plaintiff merely alleges that the Individual Defendants were officers and directors of some of the named corporate entities and that each "(1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules and conditions of employment, (3) determined employee rates and methods of employment, and (4) maintained employee records." *Id.* at ¶¶ 47, 50, 53, 56, 59, 62. Such conclusory recitations of the prongs of the economic reality test, absent any specific factual allegations of control, are insufficient to plausibly allege that the Individual Defendants were Plaintiff's employers. *See, e.g., Serrano v. I. Hardware Distrib., Inc.*, No. 14-cv-2488, 2015 WL 4528170, at *3 (S.D.N.Y. July 27, 2015) (rejecting the same boilerplate allegations against the principal and CEO of a corporate defendant). The motion to dismiss is accordingly granted as to the Individual Defendants as well.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is granted. The Amended Complaint is dismissed without prejudice and with leave to amend. *See* Fed. R. Civ. P. 15(a) ("The court should freely give leave [to amend] when justice so requires"). Defendants' letter motion

for oral argument is denied. The Clerk of Court is respectfully direct to terminate the motions pending at docket entries 42, 45, 47, 48, 51, 52, and 55.

SO ORDERED.

Dated: December 19, 2018
New York, New York

Ronnie Abrams
United States District Judge