UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHUI-FAN KWAN a/k/a CONNIE KWAN, on behalf of herself, FLSA Collective Plaintiffs and the Class,<br><br>Plaintiffs,<br><br>against<br><br><br>SAHARA DREAMS CO. II INC., SAHARA DREAMS LLC, HAMPSHIRE HOTELS & RESORTS, LLC, DREAM HOTEL GROUP, LLC,<br><br>Defendants. | CIVIL ACTION NO.: 17 Civ. 4058 (RA) (SLC)<br><br>**REPORT AND RECOMMENDATION** |

**SARAH L. CAVE,** UNITED STATES MAGISTRATE JUDGE.

**TO THE HONORABLE RONNIE ABRAMS,** UNITED STATES DISTRICT JUDGE:

## I.     INTRODUCTION

Before the Court is the motion of Plaintiff Chui-Fan Kwan a/k/a Connie Kwan seeking an order:  (1) authorizing collective action status under the FLSA; (2) compelling the production of identifying information from Defendants Sahara Dreams Co. II Inc., Sahara Dreams LLC, Hampshire Hotels & Resorts, LLC, and Dream Hotel, LLC (together, "Defendants");[1] (3) authorizing a collective action notice; (4) authorizing equitable tolling of the statute of limitation pending expiration of the opt-in period; and (5) requiring Defendants to post the approved Proposed Notice in conspicuous locations at Defendants' hotels and include the Proposed Notice with employee pay information.  (ECF No. 48 (the "Collective Action Motion")).  Also before the

---

[1] Plaintiff also named Sahara Hampshire Hotel Management LLC, Sahara Hampshire Hotel Management Co. II, Inc., Northquay Properties LLC, and Northquay Properties Management Corp., who were since dismissed from this action. (See ECF No. 86).

Court is Plaintiff's motion seeking:  (1) certification of a class action; (2) appointment of Plaintiff

as class representative; (3) appointment of Troy Law, PLLC as class counsel; and (4) permission to

circulate a class action notice in English, Spanish, and Mandarin to the proposed class.  (ECF No.

52 (the "Class Certification Motion")).

For the reasons set forth below, I respectfully recommend that: (1) Plaintiff's Collective

Action Motion be DENIED without prejudice; (2) Plaintiff's request for putative class information

be GRANTED IN PART; and (3) Plaintiff's Class Certification Motion be DENIED without prejudice.

**A.**    **Background**

**1.**    **Factual background**

**a)**    **Plaintiff and the proposed collective and class actions**

Plaintiff alleges the following facts in the Second Amended Complaint ("SAC") and in her

Affidavit in support of the Collective Action Motion ("Kwan Affidavit").  (ECF No. 63).[2]  From on

or about May 16, 2011 to April 30, 2015, she worked as a room attendant at the Dream Hotel

Downtown, located at 355 W. 16th Street in New York City (the "Dream Downtown").  (Id. ¶ 69).

From on or about May 4, 2015 to August 6, 2016, Plaintiff worked at the Dream Downtown as a

floor manager.  (Id. ¶ 71).

As a room attendant, Plaintiff's regular work schedule "ran from 8:30 to 16:30, with one

hour-long break for lunch during the day, five days per week," for approximately 40 hours per

week.  (ECF No. 63 ¶¶ 85–86).  As a floor manager, Plaintiff was paid a salary that supposedly

covered 35 hours of work per week.  (Id. ¶¶ 104–05, 108–09).  As a floor manager, from May 4,

---

[2] Defendants have disputed and continue to dispute Plaintiffs' allegations and deny any liability, and therefore, the Court's description of Plaintiffs' allegations should not be deemed a conclusive determination of any facts for purposes of any proceeding in this action.

2015 until June 30, 2016, her annual salary was $45,000, and, from July 1, 2016 until August 6, 2016, her salary was $46,349.86.  (ECF No. 49-5 ¶ 15).

Plaintiff alleges, based on her discussions with co-workers in the same positions at the Dream Downtown, that the Defendants uniformly applied the following three illegal wage and hour policies to all non-exempt employees and employees that were misclassified as exempt. (ECF No. 49-5).

### i.    Time-shaving practices

Plaintiff alleges that Defendants engaged in several types of "time-shaving" practices that deprived Plaintiff and others similarly situated of overtime pay by paying Plaintiff as if she had taken a one-hour lunch break, even when her time records showed a much shorter lunch break; by failing to pay for time worked before and after assigned shifts; by paying overtime hours as straight time hours; and, by misclassifying floor managers as exempt employees.  (ECF No. 63 ¶¶ 88–93, 107).

### ii.    Failure to provide proper wage statements

Plaintiff alleges that Defendants failed to provide employees with proper wage statements and records of hours worked and wages paid.  (ECF No. 63 ¶¶ 64–68).  Plaintiff alleges that Defendants failed to "keep full and accurate records of Plaintiff's hours worked and wages paid," "failed to provide Plaintiff with Time of Hire Notices" with the required information, and "failed to post the required New York State Department of Labor posters regarding minimum wage pay rates, overtime pay, and pay day."  (Id. ¶¶ 64, 66, 68).  In addition, Plaintiff alleges that she was not given written employment notices in her primary language, Chinese.  (Id. ¶ 84).

Plaintiff alleges that the weekly wage statements she was provided

failed to accurately list all of the following:  the dates of work covered by that payment of wages; her name; the name of the employer; the address and phone number of the employer; her rate or rates of pay and basis thereof; her gross wages; her deductions; allowances, if any, claimed as part of the minimum wage; net wages; regularly hourly rate or rates of pay; her overtime rate or rates of pay; her number of regular hours work[ed], and her number of overtime hours worked.

(ECF No. 63 ¶ 106).

### iii.     Misclassification of floor managers as exempt employees

Plaintiff alleges that she was misclassified as an exempt employee and did not receive overtime pay from Defendants for the hours above forty hours a week that she worked as a floor manager.  (ECF No. 63 ¶ 107).  As a floor manager, Plaintiff alleges that she was required to check the rooms cleaned by the room attendants, as well as the halls, stairwells, and supply closet on her assigned floor.  (Id. ¶ 74).  She alleges that her VIP rooms were subject to re-check by housekeeping directors, that she had no authority to assign rooms to room attendants, and that she did not have the authority to hire, fire or make recommendations regarding these decisions.  (Id. ¶ 75–76).  Further, she did not have the authority to assign employees tasks, make changes to the work schedule, or approve employee vacation requests.  (Id. ¶ 77–78).  As a floor manager, Plaintiff did not have an office space, and was required to do the tasks of a room attendant when they were short-staffed.  (Id. ¶ 79–80).  Defendants contend that floor managers are properly classified as exempt employees based on their job duties.  (ECF No. 101 at 20).

### 2.     Procedural history

On May 30, 2017, Plaintiff commenced this putative class and collective action by filing the original complaint against Defendants.  (ECF No. 1).  Plaintiff alleged that Defendants failed to provide required overtime pay to her and other similar employees, misclassified her and other floor managers as "exempt," and sought to recover from Defendants under the FLSA:  (1) unpaid

wages; (2) unpaid overtime; (3) liquidated damages; (4) prejudgment and post-judgment interest; and (5) attorney's fees and costs. (Id. at ¶ 4). Plaintiff sought to recover from Defendants under the NYLL: (1) unpaid wages; (2) unpaid overtime; (3) unpaid spread-of-hours; (4) liquidated damages equal to one hundred percent of the sum of unpaid minimum wages, unpaid overtime, and unpaid spread-of-hours; (5) up to five thousand dollars per Plaintiff for Defendants' failure to provide a time of hire notice detailing rates of pay and payday; (6) up to five thousand dollars per Plaintiff for Defendants' failure to provide paystubs with accurate and required information; (7) nine percent simple pre-judgment interest per N.Y. C.P.L.R. § 5004; (8) post-judgment interest; and (9) attorneys' fees and costs. (Id. at ¶ 5).

On July 17, 2017, Defendants filed their answer. (ECF No. 28). Thereafter, Defendants consented to the filing of an amended complaint, which Plaintiff filed on March 14, 2018. (ECF No. 41 (the "FAC")). Defendants moved to dismiss the FAC (ECF No. 42), arguing that Plaintiff failed to plausibly allege that the Defendants were her "employers" under the FLSA and the NYLL. (ECF No. 44 at 8).

While the motion to dismiss the FAC was pending, Plaintiff filed the Collective Action Motion and the Class Certification Motion. (ECF Nos. 48, 52). In the Collective Action Motion, Plaintiff asserts that she and all similarly-situated non-exempt employees whom Defendants employed were subject to a common policy of "not paying (i) the total number of hours worked and (ii) overtime premiums for the hours worked in excessive [sic] of forty hours in a single workweek." (ECF No. 50 at 16–17). In the Class Certification Motion, Plaintiff proposed to represent a class defined as:

> All room attendants and floor managers employed by the Defendants at Dream Hotel Downtown, Dream Hotel Midtown, Dream Hotels, Time Hotels, The

> Chatwal, Night Hotel, The Gallivant, Hampton Inn, Days Inn Hotel, and/or Hilton Garden during the six years immediately preceding the initiation of this action up to the date of this decision, who are entitled to compensation from the Defendants for unpaid wages, and/or overtime wages, and/or spread of hour wages, and/or other wages, and who are asserting claims under the New York State Labor Law, including without limitation, § 195 et seq. and § 650 et seq.

(ECF No. 54 at 7).

On December 19, 2018, the Honorable Ronnie Abrams granted the Defendants' motion to dismiss the FAC without prejudice to replead, finding that Plaintiff failed to sufficiently allege that all of the Defendants shared centralized control over the employees and failed to plausibly allege that any of the six individual Defendants were her employer.  (ECF No. 59 at 6–8).

On January 28, 2019, Plaintiff filed the SAC, this time naming eight corporate entities as Defendant employers.  (ECF No. 63).  The SAC alleged class action allegations "on behalf of two sub-classes:  all room attendants employed by Defendants in the state of New York and all floor managers employed by Defendants in the State of New York on or after the date that is six years before the filing of the Complaint[.]"  The Defendants moved to dismiss the SAC.  (ECF No. 68).  On July 24, 2019, Judge Abrams heard oral argument, during which Defendants argued that Plaintiff still failed to identify her employer, and failed to allege minimum wage and overtime violations under the FLSA.  (Id. at 9, 14–22).  Judge Abrams granted in part and denied in part the motion to dismiss the SAC, dismissing four corporate defendants because Plaintiff failed to allege that they were her employers.  (ECF Nos. 86, 87 at 23–24).  As to the minimum wage claim, Judge Abrams held that Plaintiff failed to allege a minimum wage violation under FLSA, and thus dismissed Count One, leaving only Plaintiff's claims under the FLSA and the NYLL for unpaid overtime wages.  (Id. at 27).  On August 13, 2019, Defendants filed their answer to the SAC.  (ECF No. 90).

On September 1, 2019, Plaintiff filed a supplemental memorandum of law in support of the Collective Action Motion.  (ECF No. 92).  On October 25, 2019, Defendants filed their oppositions to the Collective Action Motion and the Class Certification Motion.  (ECF Nos. 101–102).  On November 11, 2019, Plaintiff filed replies to both oppositions.  (ECF Nos. 109–110).  The parties conducted discovery limited to class and collective certification.  (See ECF Nos. 34, 40, 57).  On February 12, 2020, this Court heard oral argument on the Collective Action Motion and Class Certification Motion.  (ECF Minute Entry 2/12/2020).

B.   **Legal Standards**

1.   **FLSA § 216(b) conditional certification**

Section 216(b) of the FLSA provides, in pertinent part:

> An action to recover [damages]. . . may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.  No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b).  While the FLSA does not prescribe any procedures for approval of actions brought collectively by those who are "similarly situated," courts have long construed § 216(b) to grant district courts authority to order that notice be given to potential plaintiffs informing them of the option to join the suit.  See Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 169 (1989) ("[D]istrict courts have discretion, in appropriate cases, to implement 29 U.S.C. § 216(b) . . . by facilitating notice to potential plaintiffs."); Braunstein v. E. Photographic Labs., Inc., 600 F.2d 335, 336 (2d Cir. 1978) (per curiam) ("Although one might read the [FLSA], by deliberate omission, as not providing for notice . . . it makes more sense, in light of the 'opt-in' provision of § 16(b) of the Act, 29 U.S.C. § 216(b), to read the statute as permitting, rather than prohibiting,

notice in an appropriate case."). Although orders authorizing notice are sometimes referred to as orders "certifying" a collective action, the FLSA does not contain a certification mechanism. Myers v. Hertz Corp., 624 F.3d 537, 555 n.10 (2d Cir. 2010). Thus, "certifying" a collective action signifies only that the court has exercised its discretionary power "to facilitate the sending of notice" to similarly situated individuals. Id. The approval of a collective action is thus equivalent to a "'case management' tool for district courts to employ in 'appropriate cases.'" Id. (quoting Hoffmann-La Roche, 493 U.S. at 169).

The Second Circuit has approved a two-step process to evaluate whether to approve a collective action. Id. at 555; see Scott v. Chipotle Mexican Grill, Inc., Nos. 17-2208-cv, 18-359-cv, 2020 WL 1541069, at *8 (2d Cir. Apr. 1, 2020). First, the court must make "an initial determination" whether to send notice to potential opt-in plaintiffs who may be "similarly situated" to the named plaintiffs as to whether the alleged FLSA violation occurred. Glatt v. Fox Searchlight Pictures, Inc., 811 F.3d 528, 539 (2d Cir. 2015) (citing Myers, 624 F.3d at 555). Plaintiffs must make a "modest factual showing" that they and the potential opt-in plaintiffs "together were victims of a common policy or plan that violated the law." Myers, 624 F.3d at 555 (quoting Hoffman v. Sbarro, Inc., 982 F. Supp. 249, 261 (S.D.N.Y. 1997)). The Second Circuit recently explained that "party plaintiffs are similarly situated, and may proceed in a collective, to the extent they share a similar issue of law or fact material to the disposition of their FLSA claims." Scott, 2020 WL 1541069, at *9. Thus, "[i]f the opt-in plaintiffs are similar to the named plaintiffs in some respects material to the disposition of their claims, collective treatment may be to that extent appropriate, as it may to that extent facilitate the collective litigation of the party plaintiffs' claims." Id. The court considers the pleadings as well as supporting affidavits to

evaluate whether the named plaintiffs have made the "modest factual showing" that they are similarly situated to potential opt-in plaintiffs vis-à-vis the defendants' unlawful employment practices.  See Almonte v. Marina Ice Cream Corp., No. 16 Civ. 660 (GBD), 2016 WL 7217258, at *1 (S.D.N.Y. Dec. 8, 2016).

This standard of proof, although low, "cannot be satisfied simply by unsupported assertions."  Myers, 624 F.3d at 555 (internal citation omitted).  Plaintiff must provide "'actual evidence of a factual nexus' between [her] own experience and the experiences of those [s]he claims as 'similarly situated' rather than 'mere conclusory allegations.'"  Id. (citing Qing Gu v. T.C. Chikurin, Inc., No. 13 Civ. 2322 (SJ) (MDG), 2014 WL 1515877, at *3 (E.D.N.Y. Apr. 17, 2014).

At the first step, the Court "does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations."  Cunningham v. Elec. Data Sys. Corp., 754 F. Supp. 2d 638, 644 (S.D.N.Y. 2010) (internal citation omitted).  It simply "examines the pleadings and affidavits to determine whether the named plaintiff and putative class members are similarly situated."  McGlone v. Contract Callers, Inc., 867 F. Supp. 2d 438, 442 (S.D.N.Y. 2012) (internal citation omitted).  If the Court finds that they are, it will conditionally certify the collective action and order that notice be sent to potential members.  See Mata, 2015 WL 3457293, at *3.

At the second step, on a more complete record, the court determines whether the plaintiffs who opted in are actually "similarly situated" to the named plaintiffs such that a collective action may proceed.  Mata, 2015 WL 3457293, at *3.  If the court is not convinced, it may "de-certify" the action and dismiss the opt-in plaintiffs' claims without prejudice.  Id.

## 2.    Rule 23 class action certification

"Before [class] certification is proper for any purpose—settlement, litigation, or otherwise—a court must ensure that the requirements of Rule 23(a) and (b) have been met." Denney v. Deutsche Bank AG, 443 F.3d 253, 270 (2d Cir. 2006).  To certify a class under Rule 23(a), a court must find that:  "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims . . . of the representative parties are typical of the claims . . . of the class; and (4) the representative parties will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a); Long v. HSBC USA Inc., No. 14 Civ. 6233 (HBP), 2015 WL 5444651, at *5 (S.D.N.Y. Sept. 11, 2015).  Provided these four criteria are met, class certification is appropriate if the plaintiffs then establish that the action satisfies one of the three alternative criteria in Rule 23(b).  Long, 2015 WL 5444651, at *5.

Plaintiff asserts here that the proposed class meets the requirements of Rule 23(b)(3), which permits a class action to be maintained if "the questions of law or fact common to class members predominate over any questions affecting only individual members, and . . . a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."  Fed. R. Civ. P. 23(b)(3).  Plaintiff bears the burden of establishing each of these elements by a preponderance of the evidence.  See Teamsters Local 445 Freight Div. Pension Fund v. Bombardier Inc., 546 F.3d 196, 202 (2d Cir. 2008).  The class should not be certified unless, after a "rigorous analysis," a court is satisfied that the plaintiff has met the requirements of Rule 23.  In re Initial Pub. Offerings Secs. Litig., 471 F.3d 24, 33 (2d Cir. 2006) (internal citations omitted).

## II.   ANALYSIS

### A.   Conditional Certification as a Collective Action

Plaintiff seeks conditional certification of this case as a collective action under FLSA § 16(b), 29 U.S.C. § 216(b), on behalf of "all other current and former non-exempt employees who have been or were employed by the Defendants for up to the last three (3) years, through entry of judgment in this case . . . and who were not compensated . . . for all hours worked in excess of forty (40) per week." (ECF No. 63 ¶ 114). Plaintiff argues that she is "similarly situated" to the collective members insofar as they were all "subjected to Defendants' common policy of . . . not paying overtime rates for all hours worked over 40 a week." (Id. at 121).

In support of her Collective Action Motion, Plaintiff has only provided her own affidavit, in which she describes her employment and compensation at the Dream Downtown, and asserts that, through observations and conversations with other employees at the Dream Downtown, she learned that they were subject to similar violations of the FLSA and the NYLL. (ECF No. 49-5). Based on her declaration, Plaintiff requests that the Court facilitate notice to "all non-managerial employees who worked for Defendants from May 30, 2014 to the present day." (ECF No. 92 at 22). Defendants oppose any conditional certification, but ask that if the Court does grant conditional certification, the class be limited to floor managers who worked at the Dream Downtown. (ECF No. 101 at 24).

Plaintiff purports to represent an overly-broad collective action comprised of "all non-managerial employees who worked for Defendants" for the last six years. (ECF No. 92 at 22). Although "Plaintiff could, theoretically, make the 'modest factual showing' required at this stage of the proceeding with only the allegations contained in [her] complaint and personal affidavit,"

the Court finds that the Kwan Affidavit does not support the collective action she proposes in three respects. <u>Mata</u>, 2015 WL 3457293, at *3.  First, the Kwan Affidavit lists the names and titles of room attendants and floor managers at the Dream Downtown, but "includes no concrete facts evidencing a common scheme or plan of wage and hour violations for employees engaged in different job functions" or at different locations.  (ECF No. 49-5).  <u>Mata</u>, 2015 WL 3457293, at *3.

Second, Plaintiff relies exclusively on recounting conversations with other employees, but does not include "where or when these observations or conversations occurred," which "is critical in order for the Court to determine the appropriate scope of the proposed class and notice process." <u>Sanchez</u>, 2014 WL 465542, at *2; <u>Mata</u>, 2015 WL 3457293, at *4 ("Such details are particularly important where a conditional certification motion is based on the lone affidavit of a single employee.").  (ECF No. 49-5 ¶ 32–48).

Third, the Kwan Affidavit alleges that another floor manager "complained about the one hour unpaid 'break'" (ECF No. 49-5 ¶ 34), another floor manager said that "he was not compensated properly for his overtime hours" (<u>Id.</u> ¶ 36), and other floor managers "would often leave late" and "mentioned how they are not paid for all of the hours they have worked" (<u>Id.</u> ¶ 38).  However, "the existence of complaints from other employees regarding pay does not suggest that Plaintiff[] and all of Defendants' other non-managerial employees together were victims of a common policy or plan that violated the law." <u>See</u> <u>Shanfa Li v. Chinatown Take-Out Inc.</u>, No. 16 Civ. 7787 (JCM), 2018 WL 1027161, at *5 (S.D.N.Y. Feb. 21, 2018).  Because Plaintiff provides no details on which the Court can review her assertions, Plaintiff has not plausibly alleged that other employees were subjected to a common scheme.

Accordingly, this Court respectfully recommends that conditional certification of a collective action for "all non-managerial employees of defendants" be denied on the present record. See Shanfa Li, 2018 WL 1027161, at *5 (declining to conditionally certify a broad class where Plaintiff "only state[d] that he [knew] other employees were underpaid, without describing who the other employees [were], what their base salary [was]," or what type of work they performed) (internal citations omitted).

Nevertheless, "even where a plaintiff's motion to certify an FLSA collective action fails to assert facts sufficient to meet the § 216(b) threshold, courts in this district have often ordered the disclosure of contact information for potential opt-in plaintiffs so that discovery into the collective allegations could continue and plaintiffs could renew their motion for certification at a later date." Guan Ming Lin v. Benihana Nat'l Corp., 755 F. Supp. 2d 504, 513 (S.D.N.Y. 2010). Thus, "[i]n light of the remedial purpose of the FLSA and the Court's broad discretionary power," Morales v. Plantworks, Inc., No. 05 Civ. 2349 (DC), 2006 WL 278154, at *3 (S.D.N.Y. Feb. 2, 2006), the Court recommends that Plaintiff's request for an order of discovery be granted in part, and Defendants be directed to provide Plaintiff with the full names, job titles, last known mailing addresses, email addresses, telephone numbers and dates of employment for all floor managers employed at the Dream Downtown by Defendants for the last three years. Mata, 2015 WL 3457293, at *4; Whitehorn v. Wolfgang's Steakhouse, Inc., No. 09 Civ. 1148(LBS), 2010 WL 2362981, at *3 (S.D.N.Y. June 14, 2010) (directing production of prospective class members' names, addresses, and telephone numbers to "facilitate the speedy collection of data so that Plaintiff may quickly move for conditional certification"); Fei v. WestLB AG, No. 07 Civ. 8785(HB)(FM), 2008 WL 7863592, at *2 (S.D.N.Y. Apr. 23, 2008) ("[C]onditional certification is

not a prerequisite to the turnover of information concerning the identity of potential class members.").

For the reasons set forth above, this Court recommends that Plaintiff's Collective Action Motion be DENIED without prejudice to renewal on a more developed factual record, but that Plaintiff's request for information be GRANTED IN PART insofar as Defendants must provide Plaintiff with the full names, job titles, last known mailing addresses, email addresses, telephone numbers and dates of employment for all floor managers employed at the Dream Downtown by Defendants for the last three years.

**B.    Class Certification**

The SAC seeks certification of a class comprised of two sub-classes:  "all room attendants employed by Defendants in the state of New York and all floor managers employed by Defendants in the State of New York on or after the date that is six years before the filing of the Complaint."  (ECF No. 63 ¶ 115).  However, the Class Certification Motion defines the proposed class as:

> All room attendants and floor managers employed by the Defendants at Dream Hotel Downtown, Dream Hotel Midtown, Dream Hotels, Time Hotels, The Chatwal, Night Hotel, The Gallivant, Hampton Inn, Days Inn Hotel, and/or Hilton Garden during the six years immediately preceding the initiation of this action up to the date of this decision, who are entitled to compensation from the Defendants for unpaid wages, and/or overtime wages, and/or spread of hour wages, and/or other wages, and who are asserting claims under the New York State Labor Law, including without limitation, § 195 et seq. and § 650 et seq.

(ECF No. 54 at 7) (room attendants and floor managers under either definition are referred to as "Proposed Class Members").  As discussed further below, the Court finds that Plaintiff has not met the class certification requirements as to either definition.

### 1.   Rule 23(a) requirements

#### a)   Numerosity

Federal Rule of Civil Procedure 23(a)(1) requires that the members of the proposed class be "so numerous that joinder of all members is impracticable."  Fed. R. Civ. P. 23(a).  A definitive tabulation of class members is not required for certification, and "numerosity is generally presumed when the prospective class consists of 40 members or more."  Alcantra v. CNA Mgmt., Inc., 264 F.R.D. 61, 64 (S.D.N.Y. 2009).   Plaintiff's counsel summarily states that, "upon information and belief, there are more than seventy (70)" Proposed Class Members.  (ECF No. 63 at 20).  Defendants counter that, "[s]ince the opening of the Dream Downtown and through the current date, the hotel employed a total of not more than thirty floor managers, both former and current."  (ECF No. 104 ¶ 11).  Defendants also note that even with the benefit of limited discovery, Plaintiff still has not shown that the proposed class contains 40 members or more, or that joinder is not possible, and that even if she could establish numerosity as to room attendants, other factors would weigh against class certification.  (ECF No. 102 at 21).

 "On a motion for class certification, the burden is at all times on the party proposing the class," Shayler v. Midtown Investigations, Ltd., No. 12 Civ. 2685 (KBF), 2013 WL 772818, at *3 (S.D.N.Y. Feb. 27, 2013).  Here, the sole conclusory statement of counsel, unsupported by any record evidence, is insufficient to meet that burden.  See Bd. Of Trustees of the So. Cal. IBEW– NECA Defined Contribution Plan v. The Bank of New York Mellon Corp., 09 Civ. 6273, 2012 U.S. LEXIS 121711, *22 (S.D.N.Y. Aug. 16, 2012) ("Where plaintiffs' assertion of numerosity is pure speculation or bare allegations, the motion for class certification fails.") (internal citations omitted).  Particularly in light of the fact that the Proposed Class Members are now limited to a

single hotel, the Dream Downtown (ECF No. 63 ¶ 69), Plaintiffs' counsel's assertion that numerosity is met seems even less likely. Accordingly, the Court finds that at this point, Plaintiff has not established that the Proposed Class Members are "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a).

**b)**     <u>**Commonality and typicality**</u>

The analysis of the commonality and typicality requirements overlap, such "that similar considerations animate analysis of Rules 23(a)(2) and (3)." <u>Fernandez v. Wells Fargo Bank, N.A.</u>, No. 12 Civ. 7193 (PKC), 2013 WL 4540521, at *13 (S.D.N.Y. Aug. 28, 2013) (internal citations omitted). Rule 23(a)(2) requires that there be questions of law or fact common to the class, and Rule 23(a)(3) requires that "maintenance of a class action is economical and [that] the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." <u>Marisol A. v. Guiliani</u>, 126 F.3d 372, 376 (2d Cir. 1997) (internal citation omitted).

To establish commonality, a plaintiff must "demonstrate that the class members have suffered the same injury." <u>Wal-Mart Stores, Inc. v. Dukes</u>, 564 U.S. 338, 350 (2011) (internal citations omitted). The court assesses whether the common questions are capable of generating "common answers apt to drive the resolution of the litigation." <u>Id.</u> Even if the plaintiffs' individual circumstances differ, commonality may exist if the plaintiffs' "injuries derive from a unitary course of conduct by a single system[.]" <u>Marisol A.</u>, 126 F.3d at 377. The typicality requirement is met where the named plaintiff's claim arises from "the same factual and legal circumstances that form the bases of the class members' claims." <u>Clark v. Ecolab, Inc.</u>, No. 07 Civ. 8623 (PAC), <u>et al.</u>, 2009 WL 6615729, at *5 (S.D.N.Y. Nov. 27, 2009).

Plaintiff alleges that she shares common questions of law and fact with the Proposed Class Members, including:  (1) whether Defendants employed the Proposed Class Members within the meaning of the NYLL; (2) whether the Proposed Class Members were entitled to and paid minimum wage under the NYLL; (3) whether the Proposed Class Members were required to work during their unpaid breaks; (4) whether the Proposed Class Members had their time shaved off of the time record; (5) whether the Proposed Class Members were entitled to and paid overtime under the NYLL; (6) whether Defendants provided a time of hire notice in the employees' primary languages detailing rates of pay and payday at the start of the Proposed Class Members' employment, or timely thereafter; (7) whether Defendants provided paystubs correctly detailing the rates of pay and credits taken toward the minimum wage to the Proposed Class Members each payday; and (8) at what common rate, or rates subject to a common method of calculation were and are Defendants required to pay the Proposed Class Members for their work.  (ECF No. 102 at 10–11).  For floor managers specifically, Plaintiff alleges that she shares the additional issue of whether Plaintiff and the Proposed Class Members of the floor manager sub-class were misclassified as overtime-exempt employees.  (Id. at 110).  Plaintiff alleges that she meets the typicality requirement on the same basis that she satisfies the commonality requirement.  (ECF No. 54 at 13).

For the reasons stated above in connection with the Collective Action Motion (see supra § II.A), and now subject to a higher standard for class certification, Plaintiff has not alleged facts sufficient to establish that the Proposed Class Members were subjected to the alleged illegal common policies of Defendants.  Lynch v. United Servs. Auto. Ass'n, 491 F. Supp. 2d 357, 369

(S.D.N.Y. 2007) ("[T]he 'similarly situated' standard for certifying a 216(b) collective action is considerably more liberal than class certification under Rule 23.") (internal citation omitted).

Plaintiff has not established commonality with the Proposed Class members because she has not supported her claims "with a factual showing that extends beyond [her] own circumstances." Bondi v. New Rochelle Hotel Assocs., No. 17 Civ. 5681 (KMK) (LMS), 2018 WL 7246962, at *8 (S.D.N.Y. Dec. 7, 2018), adopted by, No. 17 Civ. 5681 (KMK), 2019 WL 464821 (S.D.N.Y. Feb. 6, 2019) (citing Levinson v. Primedia Inc., No. 02 Civ. 2222 (CBM), 2003 WL 22533428, at *1–2 (S.D.N.Y. Nov. 6, 2003) (denying conditional certification where plaintiffs failed to sufficiently allege that other potential plaintiffs were deprived of minimum wage and overtime compensation)).   As in Bondi, the Kwan Affidavit is "devoid of details regarding observations or conversations . . . with other plaintiffs.  Instead, [the submission is] vague and conclusory in substance." Bondi, 2018 WL 7246962, at *9.  Even with limited discovery, Plaintiff has not submitted any evidence to support her assertions that the Proposed Class Members were subject to similar policies.

Similarly, Plaintiff has failed to establish typicality, because she has not demonstrated on this record that the Proposed Class Members suffered the same or similar grievances, or that the claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." Marisol A., 126 F.3d at 376 (internal citation omitted).  Plaintiff has submitted only her own declaration and time records, but the Kwan Affidavit does not provide enough detail for the Court to assess whether the Proposed Class Members had similar experiences. See Rossini v. Ogilvy & Mather, Inc., 798 F.2d 590, 598 (2d Cir. 1986) (the "burden of showing typicality [is] not onerous, but requires 'something more than general conclusory

allegations.'").  The "Court has not received enough evidence, by affidavits, documents or testimony that commonality or typicality have been met."  <u>Bondi</u>, 2018 WL 7246962, at *18.  Accordingly, the Court finds that Plaintiff has not met either the commonality or typicality requirements of Rule 23(a)(2) and (3).

**c)**      <u>**Adequacy**</u>

Rule 23(a)(4) requires that the named plaintiff "possess the same interest[s] and suffer the same injur[ies] as the class members."  <u>In re Literary Works in Elec. Databases Copyright Litig.</u>, 654 F.3d 242, 249 (2d Cir. 2011) (internal citation omitted).  Adequacy consists of two elements: (1) class counsel must be qualified and able to conduct the proposed litigation, and (2) the class representative must not have interest antagonistic to those of the other class members.  <u>In re Drexel Burnham Lambert Grp., Inc.</u>, 960 F.2d 285, 291 (2d Cir. 1992).

Plaintiff alleges that she can fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in representing Plaintiff in both class action and wage-and-hour employment litigation cases.  (ECF No. 63 at 22).  Based on these representations, the Court finds that Plaintiff has preliminarily satisfied both elements of the adequacy requirement of Rule 23(a)(4).  <u>See</u> <u>Lizondro-Garcia</u>, 300 F.R.D. at 176.[3]

---

[3] To the extent that an implied element of ascertainability is required for Rule 23 class action, <u>see</u> <u>Fears v. Wilhemina Model Agency, Inc.</u>, No. 02 Civ. 4911 (HB), 2003 WL 21659373, at *2 (S.D.N.Y. July 15, 2003), the records Defendants are expected to provide may contain sufficient information regarding employees' names, titles, pay rates, and dates of employment to enable Plaintiffs' counsel and the Claims Administrator to ascertain the Class Members.  <u>See</u> <u>Lizondro-Garcia</u>, 300 F.R.D. at 176.

### 2.    Rule 23(b)(3) requirements

In addition to the requirements of Rule 23(a), Plaintiff must demonstrate under Rule 23(b)(3) "that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

Because the Court finds that Plaintiff at this time has not met the numerosity, commonality, and typicality requirements of Rule 23(a), it does not reach the question of whether Plaintiff meets the requirement of Rule 23(b)(3). See Romero v. Flaum Appetizing Corp., No. 07 Civ. 7222 (BSJ) (JCF), 2011 WL 812157, at *6 (S.D.N.Y. Mar. 1 2011) ("In view of Plaintiffs' failure to establish numerosity or typicality, the Court need not address Rule 23(a)'s commonality and adequacy requirements or Rule 23(b)(3)'s requirements.").

### III.    CONCLUSION

For the foregoing reasons, I respectfully recommend that:

(1)  Plaintiffs' motion for conditional certification of a collective action under the FLSA be DENIED without prejudice;

(2)  Plaintiff's request for putative class information be GRANTED IN PART insofar as Defendants must provide Plaintiff with the full names, job titles, last known mailing addresses, email addresses, telephone numbers and dates of employment for all floor managers employed at the Dream Downtown by Defendants for the last three years; and,

(3)  Plaintiff's motion for class certification be DENIED without prejudice.

Dated:      May 5, 2020
            New York, New York

_____
**SARAH L. CAVE**
**United States Magistrate Judge**

\*               \*               \*

**NOTICE OF PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

The parties shall have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure.  See also Fed. R. Civ. P. 6(a), (d) (adding three additional days when service is made under Fed. R. Civ. P. 5(b)(2)(C), (D), or (F)).  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b)(2).  Such objections, and any response to objections, shall be filed with the Clerk of the Court.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b).  Any requests for an extension of time for filing objections must be addressed to Judge Abrams.

**FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.**  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); Thomas v. Arn, 474 U.S. 140 (1985