**ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C.**

**875 THIRD AVENUE**

**NEW YORK, NEW YORK 10022**

(212) 603-6300

FAX  (212) 956-2164

John D'Ercole
Direct Tel.: (212) 603-6368
jdd@robinsonbrog.com

June 2, 2020

**VIA ECF**

Hon. Ronnie Abrams, U.S.D.J.
United States District Court
Southern District of New York
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

      Re: *Kwan v. Sahara Dreams Co. II Inc. et al*
         Docket No: 17 Civ. 4058 (RA)(SLC)

Dear Judge Abrams,

  We are counsel to Defendants in the above-referenced action. We write in response to the partial objections filed by the Plaintiff on May 19, 2020 (the "Objections") to the Report and Recommendation of United States Magistrate Judge Sarah L. Cave dated and entered on May 5, 2020 (the "Report and Recommendation"). The Report and Recommendation recommended that the Plaintiff's motions for conditional certification of a class under the Fair Labor Standards Act ("FSLA") and certification of a class action pursuant to Rule 23, Fed. R. Civ. P., be denied without prejudice. Plaintiff objects only to that portion of the Report and Recommendation that denied her motion for conditional certification under the FSLA. For the reasons set forth below and those set forth in the Report and Recommendation, the Court should adopt the Report and Recommendation in its entirety. In addition to the arguments below, the Defendants incorporate by reference herein the arguments made opposing conditional certification in Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for Conditional Certification of a Collective Action Pursuant to 29 U.S.C. 216 (b) (Docket Entry No. 101).

  Plaintiff asserts three objections to the Magistrate's Report and Recommendation. First, Plaintiff argues that conditional certification is merely a "case management tool" and essentially should be adopted as a matter of course under a "low standard of proof." *See* Objections at p. 1. Second, the Plaintiff argues, acknowledging that there was no basis for certifying a conditional collective as broad as Plaintiff sought to include all non-managerial employees of the Defendants,

**ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C.**

June 2, 2020
Hon. Ronnie Abrams, U.S.D.J.
Page 2

that Magistrate Cave should have recommended the certification of a "narrower collective rather than denying it wholesale." *See* Objections at p. 2. Plaintiff argues that she recounted sufficient details in her conversations with other room attendants and floor managers to warrant the certification of a collective of room attendants and floor managers at Dream Downtown. Third, Plaintiff argues that she sufficiently established that room attendants and floor managers were the victims of a common policy that violated the law, namely that floor managers "were compensated on a salary basis and they were not paid more when they worked more hours. This was due to a policy of misclassification as exempt employees that applied to all floor managers." *See* Objections at p. 3.

1. **Plaintiff Was Required To Make A Modest Factual Showing For Conditional Certification Not Based Upon Unsupported Assertions.**

Although a low standard of proof exists for certification of a collective action under the FSLA, the Plaintiff is still required to make a "modest factual showing" " that they and potential similarly situated opt-in plaintiffs together were victims of a common policy or plan that violated the law. *Myers v. Hertz Corp.,* 624 F.3d 537, 555 (2d Cir. 2010). This "modest factual showing" "cannot be satisfied simply by unsupported assertions." *Cunningham v. Elec. Data Sys. Corp.*, 754 F. Supp. 2d 638, 644 (S.D.N.Y. 2010); *Myers v. Hertz Corp., supra,* 624 F.3d at 555; *see also Brown v. Barnes & Noble, Inc.*, 252 F. Supp. 3d 255, 261 (S.D.N.Y. 2017). "[A] plaintiff cannot simply state his belief that others are similarly situated based on conversations with or observations of those other potential opt-in members; rather, he must supply additional detail regarding the particular conversations or observations substantiating that belief." *Fu v. Mee May Corp.*, 15 Civ. 4549, 2016 U.S. Dist. LEXIS 53199, at *3 (S.D.N.Y. 2016); *Sanchez v. JMP Ventures, L.L.C.*, 13 Civ. 7264, 2014 U.S. Dist. LEXIS 14980, at *10 (S.D.N.Y. 2014). Accordingly, there is no basis for the Plaintiff's first objection essentially arguing that her motion should be granted as a matter of course, without imposing any burden on her.

2. **The Report & Recommendation Properly Recommends Denial Of Conditional Certification.**

Many courts in this Circuit have denied certification where a plaintiff fails to provide specific factual allegations beyond simply alleging that they observed or spoke with similarly situated employees who stated that they were allegedly denied overtime compensation. *See Cruz v. 70-30 Austin St. Bakery, Inc.,* 18 Civ. 7408, 2019 U.S. Dist. LEXIS 73666 (S.D.N.Y. 2019)(denying conditional certification based upon the singular five page affidavit of the plaintiff where nothing in plaintiff's "affidavit pertains to the hours or wages of the other individuals employed by [d]efendants" other than the vague assertion that other employees regularly worked in excess of 40 hours without overtime premium pay, which is insufficient to

ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C.

June 2, 2020
Hon. Ronnie Abrams, U.S.D.J.
Page 3

"demonstrat[e] a 'factual nexus' between named [p]laintiff[] and the potential opt-in plaintiffs); *Ji v. Jling Inc.*, 15-CV-4194, 2016 U.S. Dist. LEXIS 66013, at *4-*5 (E.D.N.Y. 2016)(denying conditional certification based on plaintiff's sole affidavit where plaintiff did not offer any specific evidence that other employees of defendant actually worked more than 40 hours per week and were, therefore, entitled to overtime premium pay);  *Mata v. Foodbridge LLC*, 14 Civ. 8754, 2015 U.S. Dist. LEXIS 70550, at *3-4 (E.D.N.Y. 2015)(denying conditional certification where plaintiff offered only his own affidavit in which he claimed, based on unspecified "observations and conversations", that other employees of defendant "were not paid their overtime wages . . . and were forced to sign fraudulent documents"); *Sanchez v. JMP Ventures, L.L.C., supra*, 2014 U.S. Dist. LEXIS 14980, at *2 (denying conditional certification based on plaintiff's sole affidavit in which he alleged a "common practice" at all of defendant's restaurants based on his "observations and conversations with other employees" who plaintiff identified only by their first names because such an affidavit merely amounted to "a list of generalized allegations that have been molded into a declaration which reads similarly to the complaint"); *Shanfa Li v. Chinatown Take-Out Inc.*, 16 Civ. 7787, 2018 U.S. Dist. LEXIS 28693, at *4-*5 (S.D.N.Y. 2018)(denying motion for conditional certification based on plaintiff's claim that other employees were "underpaid" without describing who these other employees were, what their base salary was or whether they worked enough to qualify for overtime compensation); *Fu v. Mee May Corp., supra*, 2016 U.S. Dist. LEXIS 53199, at *3 (denying motion for conditional certification based solely on plaintiffs' "conversations with . . . coworkers and knowledge of their working hours and what they were paid" (internal quotation marks omitted)); *Guo v. Tommy's Sushi Inc.*, 14 Civ. 3964, 2014 U.S. Dist. LEXIS 147981, at *3 (S.D.N.Y. 2015)(denying motion for conditional certification of a collective of all non-managerial employees based on "unsupported assertions" regarding discussions and comparisons among coworkers); *Ali v. New York City Health & Hosps. Corp.*, No. 11-CV-6393, 2013 U.S. Dist. LEXIS 44091 at *3 (S.D.N.Y. 2013)(denying conditional certification motion where plaintiff merely alleged that she "had conversations with other respiratory therapists about the fact that we worked in excess of forty hours a week"); *Morales v. Plantworks, Inc.*, No. 05-CV-2349, 2006 U.S. Dist. LEXIS 4267, 2006 WL 278154, at *3 (S.D.N.Y. 2006) (denying certification where there was no support for plaintiffs' claim of similarly situated other employees other than a "conclusory allegation . . . that '[t]here are over 20 current and former employees that are similarly situated to Plaintiffs . . . .").  These authorities demonstrate conditional certification is regularly denied where a plaintiff's motion is based upon unsupported assertions. As set forth below, there was no basis based upon the proof submitted by the Plaintiff to conditional certify a narrower collective than that sought by Plaintiff, namely a collective of room attendants and floor managers. Accordingly, there is no basis for the Plaintiff's second objection that the Magistrate Judge should have not denied Plaintiff's motion for conditional certification outright.

**ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C.**

June 2, 2020
Hon. Ronnie Abrams, U.S.D.J.
Page 4

3. **Plaintiff's Quantum Of Proof For Conditional Certification Falls Far Short Of Demonstrating A Modest Factual Showing Of Similarly Situated Employees Who Were The Victims Of A Common Policy Illegal Under the FSLA.**

Plaintiff cites *She Jian Guo v Tommy's Sushi Inc.*, 2014 US Dist LEXIS 147981 (S.D.N.Y. Oct. 16, 2014) in support of her Objections and arguing that a collective of room attendants and floor managers should have been certified. On its face, however, *Tommy's Sushi* is distinguishable. First, the Plaintiff's motion in *Tommy's Sushi* was based upon the submission of multiple affidavits. Here, the Plaintiff relies solely upon her own affidavit. "W]hen a plaintiff submits only one affidavit, without corroboration, the level of detail in that affidavit becomes particularly important in evaluating the sufficiency of the plaintiff's showing". *Gomez v. Kitchenette 123 Inc.*, 16 Civ. 3302, 2017 U.S. Dist. LEXIS 155257, at *4 (S.D.N.Y. 2017) In addition, when there has been discovery with respect to conditional certification, as here, courts have imposed a "modest plus" standard for determining whether a plaintiff has sufficiently demonstrated that her and potential opt-in plaintiffs together were victims of a common policy or plan that violated the law. *See Korenblum v. Citigroup, Inc.*, 195 F.Supp.3d 475, 481-82 (S.D.N.Y. 2015). Second, in *Tommy's Sushi*, the court found that the Complaint and supporting affidavits contain specific factual allegations establishing that each named plaintiff worked approximately 60 to 80 hours per week but was paid only $480 or $500 twice per month, averaging less than $3.50 per hour, demonstrating a common policy of failing to pay overtime compensation illegal under the FSLA. Here, the evidence proffered by Plaintiff demonstrates that as a room attendant she generally worked 40 hours per week and that other room attendants also only worked 40 hours per week in that they were required to finish their work within their prescribed 40 hour work schedule. Plaintiff has offered no evidence that she or other room attendants were the victims of a common policy to deny them overtime compensation. Similarly, Plaintiff has offered no proof in the form of conversations, observations or otherwise that other floor managers, assuming they were mischaracterized as exempt employees, worked more than 40 hours per week. The Plaintiff contends that the employee handbook of the Dream Downtown somehow unexplainedly evidences an illegal policy of denying employees overtime compensation. However, this assertion is not meritorious. The Dream Downtown Employee Handbook, specifically provides, *inter alia*, that non-exempt employees are entitled to overtime pay (P000027). In particular, there is no basis for certifying a collective of room attendants at the Dream Downtown. The Magistrate Judge was correct in recommending denial of conditional certification since Plaintiff provided no concrete facts evidencing a common scheme or plan denying employees overtime compensation and the lack of critical details concerning her conversations with other employees. Report and Recommendation at p. 12.

**ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C.**

June 2, 2020
Hon. Ronnie Abrams, U.S.D.J.
Page 5

  First, none of these other alleged room attendants whom she spoke with have submitted affidavits in support of a collective action. As set forth above, when a plaintiff submits only his or her own singular affidavit, without corroboration, the level of detail in that affidavit becomes particularly important in evaluating the sufficiency of the plaintiff's showing. In such a case, it becomes critically important for the plaintiff to provide specific details concerning the substance of the conversations or observations including when and where they took place. With respect to all of the conversations and/or observations with room attendants, Plaintiff only makes generalized and conclusory allegations and does not state when and where they took place. Second, all of the conversations and/ observations center on complaints made by room attendants that their workload required them to work through all or part of their lunch break in order to finish within their prescribed eight (8) hour shift and 40 hour workweek, which does not demonstrate that any of these other room attendants worked in excess of 40 hours per week entitling them to overtime compensation. None of the conversations and/or observations make any reference to any of them having to work more than 40 hours during any given workweek. See *Ji*, *supra*, 2016 U.S. Dist. LEXIS 66013, at \*4-\*5. Plaintiff's alleged conversations with other room attendants, at best, make only vague assertions that other room attendants are similarly situated because they were not paid overtime compensation. No specific evidence has been offered by Plaintiff that any other room attendant actually worked more than 40 hours per week and Plaintiff has not demonstrated that she has actual knowledge of the hours that other room attendants worked and what they were paid. None of the conversations with room attendants make any mention of the failure on the part of the Dream Downtown to pay room attendants overtime compensation to which they were allegedly entitled. Based upon this quantum of proof, the courts in this circuit have roundly rejected conditional certification. *See Cruz*; *Ji*; *Sanchez*; *Shanfa Li*; *Fu*; *Mata; Guo; Ali; Morales, supra.*

  Second, Plaintiff's showing is also utterly lacking to certify a collective of floor managers. Plaintiff has not provided any specific details about her alleged conversations with other floor managers including when and where these conversations occurred. These alleged conversations amount to nothing more than a generalized statement that floor managers, allegedly like her, were not paid overtime wages, a quantum of evidence that courts have determined is insufficient to certify a collective under the FSLA. *Mata v. Foodbridge LLC, supra*, 2015 U.S. Dist. LEXIS 70550, at \*3-\*4. Specifically, Plaintiff has not demonstrated that she has any knowledge of the paycheck details for these other floor managers and any knowledge of length of hours that any of these floor managers worked during any particular workweek of their work history. Moreover, while Plaintiff alleges, without any documentary proof, that it was **her alleged practice** as floor manager to leave 30 minutes after her shift ended (Kwan Affidavit, ¶¶ 12, 26-27), she did not state in her affidavit that other floor managers **had a similar practice**, which might entitle them to overtime pay if they were determined to be non-exempt. *See Brown, supra*, 2018 U.S. Dist. LEXIS at \* 60. Moreover, because floor managers

**ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C.**

June 2, 2020
Hon. Ronnie Abrams, U.S.D.J.
Page 6

were not required to clock in or out, determining when a floor manager began work, when a floor manager stopped work and how long the floor manager took for a meal break is an impossible task and, at best, requires individualized proof.  *See Chun Lun Guan v. Long Island Bus. Inst., Inc.*, 15 Civ. 2215, 2018 U.S. Dist. LEXIS 216363 at * 11 (S.D.N.Y 2018).

      Plaintiff also contended that floor managers were misclassified as exempt employees, but she has offered no proof other than stating that other floor managers at the Dream Downtown have a common FSLA exempt designation, which courts routinely find insufficient to certify a collective action.  *See Ahmed v. T.J. Maxx Corp.*, 103 F.Supp.3d 343, 351 (S.D.N.Y. 2015); *Jenkins v. TJX Companies Inc.*, 853 F. Supp. 2d 317, 323 (E.D.N.Y. 2012); *Khan v. Airport Mgmt. Servs., LLC*, No. 10 CIV. 7735, 2011 U.S. Dist. LEXIS 133134, at *4 (S.D.N.Y. 2011).  Moreover, Plaintiff in her affidavit also makes no mention of (a) the duties of other floor managers whom she conversed with, (b) the level of managerial duties that they exercised and (c) the proportion of non-managerial duties that they performed.  The Second Circuit has held that "FSLA regulations are explicit that the determination of employee's exemption status must be based on the specific employee's actual primary duties, not on his or her title or position. *Gold v. N.Y. life Ins. Co.*, 730 F.3d 137, 145 (2d Cir. 2013); *Myers*, 624 F.3d at 549.  The determination of whether an individual floor manager has properly been classified as an exempt employee is an issue more appropriately determined on a case-by-case basis than by treating all of the floor managers as part of a single collective, especially given that criteria to determine whether an employee was properly classified is exempt is to analyze the amount of managerial duties they exercised and the proportion of non-exempt work they were required to perform.  *See Dean v. Priceline.com Inc.*, 3:00 Civ. 1273, 2001 U.S. Dist. LEXIS 24982 (D. Conn. 2001). Whether the Plaintiff was properly classified as exempt will involve a detailed factual analysis of her job duties and responsibilities including her assertion that she had to perform the non-managerial work of cleaning rooms when there was a shortage of room attendants.  This determination is individualized among floor managers and likely to vary.  The claim by the Plaintiff that floor managers were misclassified as exempt is particularly lacking since she accepted the promotion from room attendant to floor manager obviously for the substantially higher pay that she would receive in that position.

      Plaintiff also asserted that her pay stubs that she received as a floor manager were "fabricated" because they indicated that she worked 35 hours per week when, in actuality, she alleges that she worked more than 40 hours per week.  However, any reference to hourly status on Plaintiff's pay stubs has no effect on the determination of whether she was a salaried, exempt employee.  *Wright v. Aargo Sec. Servs.*, 2001 U.S. Dist. LEXIS 882 at *21-22 (S.D.N.Y. 2001)(an employee may be salaried even though time records recorded the number of hours worked and listed an hourly rate of pay).

**ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C.**

June 2, 2020
Hon. Ronnie Abrams, U.S.D.J.
Page 7

In summary, Plaintiff's alleged conversations with both room attendant and flor managers amount to nothing more than general assertions that these other employees were improperly denied overtime compensation without the requisite detail demanded to make a modest factual showing based upon the singular affidavit of Plaintiff after discovery. Accordingly, there is no basis for the Plaintiff's third objection that she sufficiently demonstrated that her and potential opt-in parties were the victims of a common policy that violated the law sufficient to warrant the certification of a collective of room attendants and/or floor managers.

For all of the foregoing reasons, the Magistrate Judge's Report and Recommendation should be adopted by this Court in its entirety.

> Respectfully submitted,
>
> s/ John D'Ercole
> John D'Ercole, Esq.

cc:     John Troy, Esq.