UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHUI-FAN KWAN, *on behalf of herself and all others similarly situated*,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>SAHARA DREAMS CO. II INC., SAHARA DREAMS LLC, HAMPSHIRE HOTELS & RESORTS, LLC, DREAM HOTEL GROUP, LLC,<br><br>　　　　　　　　Defendants. | No. 17-CV-4058 (RA)<br><br><u>ORDER ADOPTING REPORT AND RECOMMENDATION</u> |

RONNIE ABRAMS, United States District Court Judge:

　　Plaintiff Chui-Fan Kwan, on behalf of herself and others similarly situated, brings this action principally alleging that Defendants Sahara Dreams Co. II Inc, Sahara Dreams LLC, Hampshire Hotels & Resorts, LLC, and Dream Hotel Group, LLC (collectively, "Defendants") engaged in several forms of time-shaving practices and misclassified floor managers like herself as exempt employees in violation of the Fair Labor Standards Act ("FLSA").  Plaintiff has moved to conditionally authorize collective-action status under the FLSA and to certify a class action pursuant to Federal Rule of Civil Procedure 23.  Now before the Court is Magistrate Judge Cave's Report and Recommendation ("Report") recommending that the Court deny both motions without prejudice.

　　Plaintiff timely objected to that portion of the Report that denied conditional certification of a class comprising all non-managerial employees who worked for Defendants, and has asked this Court to certify a more limited collective, of only floor managers and room attendants.   For the reasons that follow, the Court agrees that Plaintiff has made a factual showing sufficient for

conditional certification of floor managers. The Court otherwise adopts the Report and denies the motions.

## BACKGROUND

As the Court presumes the parties' familiarity with the facts and procedural history of this action, the following background addresses only those issues pertinent to the instant motion.

Plaintiff Chui-Fan Kwan worked as a room attendant at the Dream Hotel Downtown—a hotel operated by Defendants—from May 16, 2011 to April 30, 2015. *See* Dkt. 49-5, Affidavit of Chui-Fan Kwan in Support of Plaintiff's Motion for Conditional Collective Certification ("Kwan Affidavit") ¶ 3. In that position, her regular work schedule "ran from 8:30 to 16:30, with one hour-long break for lunch during the day . . . five days per week," for "approximately 40 hours per week." *Id.* ¶ 5. According to Plaintiff, Defendants calculated her hours as if she had taken a one-hour lunch break even when her time records indicated differently. *Id.* ¶ 7. Plaintiff further alleges that she was frequently required to work beyond her scheduled hours without compensation. Dkt. 63, Second Amended Complaint ("Complaint") ¶¶ 89-90.

On or about May 4, 2015, Plaintiff was promoted to floor manager at the Dream Hotel Downtown, a job she held until August 6, 2016. Kwan Affidavit ¶ 11. Her annual salary was initially $45,000 and rose to $46,349.86 as of July 1, 2016. *Id.* ¶ 15. Plaintiff alleges that she was misclassified as an exempt managerial employee not entitled to overtime pay, although her job duties did not justify a managerial classification. *Id.* ¶¶ 18-23, 25. Throughout her employment, Defendants provided her wage statements that did not accurately reflect the hours that she purportedly worked. *Id.* ¶¶ 24-25.

On June 15, 2018, Plaintiff filed the instant motion for conditional collective certification asserting that she and all similarly situated non-exempt employees whom Defendants employed

2

were subject to a common policy of "not paying (i) the total number of hours worked and (ii) overtime premiums for the hours worked in excessive of forty hours in a single workweek." Dkt. 50 ("Motion") at 9. Citing both personal observations of, and discussions with, co-workers who held the same positions at the Dream Downtown Hotel, Plaintiff attests that other employees were victims of the above violations. Specifically, she affirms that floor managers Sharon Enchill, Lourdes Plasencia, Yanette Urbaez, Bozena Steswoski, Liliette Borges, and Sagmo Tsewang were paid for 35 weekly work hours even though they worked more than 35 hours per week. Kwan Affidavit ¶¶ 32-39. Plaintiff similarly alleges that room attendants "Sandy," Hellen Xiu Juan, Hai Zheng Chong, Sophia Pun, Mariella Montero, "Jan," and "Angel" were not able to take full lunch breaks during their shifts, and were not compensated for this additional work. *Id*. ¶¶ 40-48.

The Court referred the motion to Judge Cave, who recommended that conditional certification of the proposed collective be denied without prejudice to renewal on a more developed factual record. The Report also recommended that Defendants be ordered to provide Plaintiff with the full names, job titles, last known mailing addresses, email addresses, telephone numbers and dates of employment for all floor managers employed at the Dream Downtown Hotel during the previous three years. Plaintiff timely submitted a notice of partial objection to that Report, objecting to the "wholesale" denial of conditional collective certification. Plaintiff contends that the Report should have narrowed the scope of the collective to only floor managers and room attendants at the Dream Hotel Downtown. For the following reasons, the Court agrees that conditional certification of a more limited collective is appropriate in this instance.

**STANDARD OF REVIEW**

When a magistrate judge issues a report and recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made [therein]." 28 U.S.C. § 636(b)(1)(C). "When a timely and specific objection to a report and recommendation is made, the Court reviews *de novo* the portion of the report and recommendation to which the party objects." *Tagliaferri v. United States*, No. 17-CV-3026 (RA), 2019 WL 498361, at *1 (S.D.N.Y. Feb. 8, 2019) (internal quotation marks omitted). In the absence of specific written objections, the Court may accept such a report so long as the factual and legal bases supporting the findings are not clearly erroneous. *See, e.g., Carmichael v. Chappius*, 340 F. Supp. 3d 340, 345 (S.D.N.Y. 2018), *aff'd*, 811 F. App'x 41 (2d Cir. 2020). A decision is clearly erroneous "only if the reviewing court is left with the definite and firm conviction that a mistake has been committed." *Clerveaux v. E. Ramapo Cent. Sch. Dist.*, 984 F.3d 213, 228 (2d Cir. 2021) (internal quotation marks omitted).

**DISCUSSION**

Plaintiffs object only "to the portion of [the Report] denying conditional certification of a collective altogether . . . and suggest that the Court conditionally certify a collective of room attendants and floor managers." Dkt. 116 ("Objection"). The Report denied conditional certification for Plaintiff's "overly-broad collective action comprised of 'all non-managerial employees who worked for Defendants' for the last six years." Report at 11-12. According to the Report, the relevant record, which consists only of Plaintiff's affidavit, lacks the requisite detail to meet the standard of a "modest factual showing" required at this stage of the proceeding. *Id.* at 11. Although the Court agrees that Plaintiff's proposed collective was overly broad in scope, the record is sufficient to demonstrate, for purposes of conditional certification, that floor managers at

the Dream Hotel Downtown—*i.e.*, those who shared the same job title and duty location as Plaintiff—are similarly situated within the meaning of the FLSA.

Section 216(b) of the FLSA permits employees to "assert claims on behalf of other 'similarly situated' employees," in a so-called "collective action." *Myers v. Hertz Corp.*, 624 F.3d 537, 542 (2d Cir. 2010). Unlike a traditional class action, plaintiffs in FLSA collective actions "must affirmatively 'opt in' to be part of the class and to be bound by any judgment." *Id.* Accordingly, conditional certification "does not produce a class with an independent legal status, or join additional parties to the action," but merely results in the "sending of court-approved written notice to employees." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 75 (2013).

The Second Circuit has endorsed a two-step process for approval of a collective action. *Myers*, 624 F.3d at 555. "At step one, the district court permits a notice to be sent to potential opt-in plaintiffs if the named plaintiffs make a modest factual showing that they and others together were victims of a common policy or plan that violated the law." *Scott v. Chipotle Mexican Grill, Inc.*, 954 F.3d 502, 515 (2d Cir. 2020). The Court of Appeals has made clear that a "'modest factual showing' . . . should remain a low standard of proof because the purpose of this first stage is merely to determine *whether* 'similarly situated' plaintiffs do in fact exist." *Myers*, 624 F.3d at 555 (emphasis in original). Because certification at this early juncture is merely preliminary, "a plaintiff's burden is low," and may be satisfied by "relying on [plaintiff's] own pleadings, affidavits, declarations, or the affidavits and declarations of other potential class members." *Qiang Lu v. Purple Sushi Inc.*, 447 F. Supp. 3d 89, 93-94 (S.D.N.Y. 2020). The Court need only "find some identifiable factual nexus which binds [Plaintiff] and potential class members together as victims of a particular practice." *Julian v. MetLife, Inc.*, 298 F. Supp. 3d 699, 702 (S.D.N.Y. 2018). While a Court need not consider "unsupported assertions," *Myers* 624 F.3d at 555*,* or

"conclusory allegations," *Qiang Lu,* 447 F. Supp. 3d at 94, courts within the District have conditionally certified FLSA collective actions based on facts affirmed in a single plaintiff's affidavit. *See id.* (collecting cases); *Juarez v. 449 Rest., Inc.*, 29 F. Supp. 3d 363, 369 (S.D.N.Y. 2014) (noting that district courts "often authorize notice based 'solely on the personal observations of one plaintiff's affidavit'" (quoting *Hernandez v. Bare Burger Dio Inc.*, No. 12-cv-7794 (RWS), 2013 WL 3199292, at *3 (S.D.N.Y. June 25, 2013) (collecting cases))).

Courts within the Circuit have made clear that the level of detail necessary to produce a "modest factual showing" depends on the breadth of the proposed class, particularly whether it spans multiple job titles and locations. As a plaintiff must demonstrate a factual nexus between her situation and that of the proposed opt-in plaintiffs, Courts have demanded a more fulsome showing where the proposed collective includes members whose titles, duties, and places of work are not the same as the named plaintiff. In those cases, where allegations of similarity are based on observations and conservations with other employees, courts have held that information regarding "where or when these observations or conversations occurred . . . is critical *in order for the Court to determine the appropriate scope of the proposed class* and notice process." *Mata v. Foodbridge LLC*, No. 14 CIV. 8754 ER, 2015 WL 3457293, at *4 (S.D.N.Y. June 1, 2015) (emphasis added); *see Gomez v. Kitchenette 123 Inc.*, No. 16-CV-3302 (AJN), 2017 WL 4326071, at *4 (S.D.N.Y. Sept. 5, 2017) ("Specificity in an affidavit is of special importance when a plaintiff who himself held only one job title at fewer than all of the defendant's establishments seeks to conditionally certify a collective comprising multiple job titles at multiple locations.").

In other words, the affidavit must contain sufficient details to justify the breadth of the collective. The requisite level of specificity is thus lower when the proposed collective is limited to the category of workers to which the plaintiff belongs. In such cases, less detail is needed to

demonstrate that the affiant has "personal knowledge that other coworkers were subjected to similar employer practices," *Guo Qing Wang v. H.B. Rest. Grp., Inc.,* No. 14 Civ. 813 (CM), 2014 WL 5055813, at *4 (S.D.N.Y. Oct. 7, 2014), and courts have not required plaintiffs to pinpoint the dates and locations of conversations.

Consistent with that principle, courts within the Circuit routinely certify a collective of a narrowed scope—typically one limited to the job category to which the named plaintiff belongs—where sufficient facts have been alleged regarding a subset of broad proposed collective. *See, e.g., Gomez,* 2017 WL 4326071, at *4 (denying conditional certification of proposed collective of "all tipped employees" but finding that "Plaintiff has met his burden of justifying certification of a narrower collective comprising all delivery persons" at two locations in which he had worked); *Guo v. Tommy's Sushi Inc.,* No. 14 CIV. 3946 PAE, 2014 WL 5314822, at *3 (S.D.N.Y. Oct. 16, 2014) (denying conditional certification of proposed "broader class" of all "hourly paid, non-managerial employees" but conditionally certifying narrower collective of deliverymen).

The Court concludes that the observations and conversations in Plaintiff's affidavit suffice to meet her burden of making a 'modest factual showing' that she is similarly situated to other floor managers employed at the Dream Hotel Downtown, *i.e.*, those whose job titles, work duties and place of work were identical to hers. The affirmations demonstrate that Plaintiff has personally confirmed that her fellow floor managers have claimed that they were victims of the same time-shaving and misclassification policies that she challenges in this suit. Plaintiff cites personal conversations with Sharon Encill, Yanette Urbaez, Sagma Tsewang, Bozena Steswoski, and Liliette Borges that confirm that each was miscategorized as an exempt employee. *See* Kwan Affidavit ¶¶ 34-39. The affidavit identifies all five potential plaintiffs by their full names and confirms that each occupied the same position as Plaintiff. Plaintiff corroborates these

7

conversations with personal observations that each worked past their scheduled work hours. Although the affirmations would surely benefit from further elaboration, the Court finds that they meet the low burden required to preliminarily certify a collective in which all members worked in the same position and duty location during the relevant time period. The limited scope of that collective obviates any need for Plaintiff to specify where and when the conversations took place. *See Gomez*, 2017 WL 4326071, at *3-5 (conditionally certifying collective of deliverymen based on single affidavit from deliveryman-plaintiff that listed first names of nine other deliverymen who complained to plaintiff during lunch break and whilst delivering supplies).

Defendant contends that Plaintiff has failed to establish that other floor managers were misclassified because her affidavit does not specify the precise duties of the managers with whom she conversed. The Court is unpersuaded. In this context, where the collective comprises only employees who share the same job title and duty location as Plaintiff, the burden is more easily satisfied. *See, e.g., Vasquez v. Vitamin Shoppe Indus. Inc.*, No. 10 Civ. 8820 (LTS)(THK), 2011 WL 2693712, at *3-4 (S.D.N.Y. July 11, 2011) (denying certification of nationwide collective of store managers because plaintiff's submission, "which is based entirely on his personal experience, is devoid of any evidence from which this Court could infer that all [store managers], across 40 states, are misclassified", but approving certification for store managers at the stores at which plaintiff worked). In this case, the Court can reasonably infer that the employees with the same job title at the same location have similar duties.

Defendant further argues that Plaintiff has not met her burden with respect to room attendants, as "no specific evidence has been offered … that any other room attendant actually worked more than 40 hours per week and Plaintiff has not demonstrated that she has actual knowledge of the hours that other room attendants worked and what they were paid." Def. Mem.

8

at 5. The Court agrees that Plaintiff's evidence with respect to room attendants is comparatively meagre. Plaintiff broadly states that "[w]e were [] told in the beginning that we would not be compensated for the additional work we do during our lunch break." Kwan Affidavit ¶ 40. Her observations and conversations with other room attendants, however, demonstrate only that they all felt compelled to work at least partially through their lunch break. *Id.* ¶¶ 41-46. With one exception, Plaintiff's affidavit makes no assertions about the crucial issue of compensation. *Cf. id.* ¶ 48 (affirming that a room attendant identified as "ANGEL" told Plaintiff that the paycheck would always indicate an hour no matter how long the lunch break was). Nor does Plaintiff make any assertions about work beyond 40 hours or compensation for that work. Absent some showing of "personal knowledge that other [room attendants] were subjected" to the challenged practices, Plaintiff has failed to meet the burden of a modest factual showing of similarity. *See Guo Qing Wang*, 2014 WL 5055813, at *4. For this reason, Plaintiff's request of certification of a conditional collective for room attendants is denied.

In sum, the Court conditionally certifies a collective comprising floor managers who worked at the Dream Hotel Downtown. To the extent that the Plaintiff seeks to certify a broader collective, that motion is denied with prejudice.

The Court has otherwise reviewed the Report for clear error, and found none. Accordingly, Plaintiff's request for putative class information is granted in part, insofar as Defendants must provide Plaintiff with the full names, job titles, last known mailing addresses, email addresses, telephone numbers and dates of employment for all floor managers employed at the Dream Downtown by Defendants for the last three years. Plaintiff's motion for class certification is denied without prejudice.

## CONCLUSION

For foregoing reasons, Plaintiff's motion for conditional certification is denied in part and granted in part. The Court conditionally certifies a collective of potential plaintiffs who were employed as floor managers by Dream Downtown Hotel in the six years preceding the filing of this action, and directs Defendants to produce contact information for the relevant employees and former employees to Plaintiff. Plaintiff's motion for class certification is denied without prejudice.

SO ORDERED.

Dated:    July 7, 2021
             New York, New York

_____
RONNIE ABRAMS
United States District Judge