UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHUI-FAN KWAN, on behalf of herself and others similarly situated,

                Plaintiff,

-v-

SAHARA DREAMS CO. II INC., SAHARA DREAMS LLC, HAMPSHIRE HOTELS & RESORTS, LLC, and DREAM HOTEL GROUP, LLC,

                Defendants.

CIVIL ACTION NO.: 17 Civ. 4058 (RA) (SLC)

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge:

Plaintiff Chui-Fan Kwan, on behalf of herself and others similarly situated, brings this action alleging that defendants Sahara Dreams Co. II Inc., Sahara Dreams LLC, Hampshire Hotels & Resorts, LLC, and Dream Hotel Group, LLC (collectively, "Defendants") engaged in several forms of time-shaving practices and misclassified floor managers like herself as exempt employees in violation of the Fair Labor Standards Act ("FLSA"). On July 7, 2021, the Honorable Ronnie Abrams conditionally certified a collective of potential plaintiffs (the "Potential Plaintiffs") who were employed as floor managers at the Dream Downtown Hotel (the "Hotel") for three years preceding the filing of this action. (ECF Nos. 120, 122).

Before the Court is Plaintiff's request for an order: i) directing Defendants to post the Notice of Pendency and Consent to Sue Form (the "Notice") at the Hotel; and ii) permitting Plaintiff to distribute the Notice to the Potential Plaintiffs by text message. (ECF No. 124). Having reviewed the parties' joint submission (id.), and having heard the parties' arguments during the telephone conference held today, October 6, 2021, the Court orders as follows:

1. Plaintiff's request for an order directing Defendants to post the Notice at the Hotel is DENIED.  Plaintiff has not demonstrated that other means of notifying the Potential Plaintiffs, including by mail or email, have been ineffective, or that posting the Notice at the Hotel would likely be an effective means of notifying the Potential Plaintiffs. See Islam v. LX Ave. Bagels, Inc., No. 18 Civ. 4895 (RA) (RWL), 2019 WL 5198667, at *11 (S.D.N.Y. Sept. 30, 2019) (denying request to post notice in employee common areas because the "Plaintiffs have not provided any basis to conclude that there will be any problem reaching current employees though mail or email."); Park v. FDM Grp. Inc., No. 16 Civ. 1520 (LTS) (SN), 2019 WL 2205715, at *7 (S.D.N.Y. May 22, 2019) (denying request to post notice at the defendant's offices because "posting the notice [was] unlikely to be effective.");

2. Plaintiff's request to distribute the Notice to the Potential Plaintiffs by text message is GRANTED IN PART and DENIED IN PART.  Plaintiff has not demonstrated that a text-message notice in the first instance is appropriate.  See Pettenato v. Beacon Health Options, Inc., 425 F. Supp. 3d 264, 285 (S.D.N.Y. 2019).  If, however, Plaintiff's attempts to notify the Potential Plaintiffs by mail and email prove ineffective, then Plaintiff may send a follow-up reminder to the Potential Plaintiffs by text message. The parties are directed to meet and confer regarding the content of any such text-message reminder.  If the parties are unable to agree, they may submit a joint letter to the Court setting forth, without argument, the parties' competing versions of the proposed text-message reminder;

3. All discovery shall be completed by **February 28, 2022**;

4. By **March 7, 2022**, the parties shall file a joint letter certifying the completion of discovery; and

5. A Telephone Conference is scheduled for **Thursday, February 10, 2022 at 11:00 am** on the Court's conference line. The parties are directed to call: (866) 390-1828; access code: 380-9799, at the scheduled time.

Dated:    New York, New York
             October 6, 2021

SO ORDERED.

_/s/ Sarah L. Cave_
**SARAH L. CAVE**
**United States Magistrate Judge**

3