UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHUI-FAN KWAN,<br>*on her own behalf and on behalf of others similarly situated,*<br><br>Plaintiff,<br><br>v.<br><br>SAHARA DREAMS CO. II INC.<br>  f/k/a Sahara Dreams Co. Inc.<br>  f/k/a Sahara Dreams Limited<br>  d/b/a Dream Hotel Downtown,<br><br>SAHARA DREAMS LLC<br>  f/k/a Sahara Dreams LLC<br>  d/b/a Dream Hotel Downtown,<br><br>HAMPSHIRE HOTELS & RESORTS, LLC<br>  f/k/a Hampshire Hotels & Resorts Limited Liability Company<br>  d/b/a Hampshire Brand, Hotel & Asset Management, and<br><br>DREAM HOTEL GROUP, LLC<br>  f/k/a Hampshire Hotels Management LLC,<br><br>Defendants. | Case No. 17-cv-4058<br><br><br><u>OFFER OF JUDGMENT PURSUANT TO RULE 68, FED. R. CIV. P.</u> |

Pursuant to Rule 68 of the Federal Rules of Civil Procedure, and in order to effectuate a settlement reached at a settlement conference before Magistrate Judge Sarah L. Cave on March 9, 2022, Defendants SAHARA DREAMS CO. II INC., f/k/a Sahara Dreams Co. Inc., f/k/a Sahara Dreams Limited, d/b/a Dream Hotel Downtown, SAHARA DREAMS LLC, f/k/a Sahara Dreams LLC, d/b/a Dream Hotel Downtown, HAMPSHIRE HOTELS & RESORTS, LLC, f/k/a Hampshire Hotels & Resorts Limited, Liability Company d/b/a Hampshire Brand, Hotel & Asset

Management, and DREAM HOTEL GROUP, LLC f/k/a Hampshire Hotels Management LLC (collectively, the "Defendants"), hereby offer to allow Plaintiff CHUI-FAN KWAN ("Plaintiff") to take a judgment against them in this action for a total sum of sixty-seven thousand and five hundred dollars ($67,500), inclusive of twenty-seven thousand and five hundred dollars ($27,500) for damages and forty thousand dollars ($40,000) for all expenses and costs including attorney's fees (the "Settlement Sum").

This judgment shall be in full satisfaction of all federal and state claims that Plaintiff may have to damages, or any other form of relief, arising out of the alleged acts or omissions of Defendants or any of their past, present, and future officers, directors, members, managers, employees, stockholders, parent entities, subsidiary entities, affiliates, insurers, and to the predecessors, successors, heirs, executors, administrators, representatives and assigns of each of the foregoing, each in their capacity as such, in connection with the facts and circumstances that are the subject of this action and contained in Plaintiff's pleadings.

This offer of judgment may only be accepted up to and including April 15, 2022.

This offer of judgment is made for the purposes specified in Rule 68 of the Federal Rules of Civil Procedure, and in order to effectuate a voluntary settlement of the action, and is not to be construed as an admission of liability by Defendants or any of their past, present, and future officers, directors, members, managers, employees, stockholders, parent entities, subsidiary entities, affiliates, insurers, and to the predecessors, successors, heirs, executors, administrators, representatives, and assigns of each of the foregoing, each in their capacity as such, in connection with the facts and circumstances that are the subject of this action.

Acceptance of this offer of judgment will act as a general release and discharge Defendants and their past, present, and future officers, directors, members, managers, employees, stockholders, parent entities, subsidiary entities, insurers, and to the predecessors, successors, heirs, executors, administrators, representatives, and assigns of each of the foregoing, each in their capacity as such, from any and all claims, causes of action, suits, demands, rights, liabilities, damages, lawsuits, losses, fees, costs or expenses of any kind whatsoever, whether known or unknown, including any monetary, injunctive or declaratory relief relating thereto from the beginning of time to the date that judgment is entered.

Acceptance of this offer of judgment also will operate to waive Plaintiff's rights to any claim of interest on the amount of the judgment.

Plaintiff agrees that payment of the Settlement Sum of sixty-seven thousand and five hundred dollars ($67,500) within thirty (30) days of the date of entry of this judgment shall be a reasonable time for such payment. If any amount of the Settlement Sum remains unpaid upon the expiration of ninety (90) days following the issuance of judgment, or ninety (90) days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent (15%) pursuant to Section 198.4 of the New York Labor Law.

The judgment shall contain and recite the terms and conditions set forth herein.

Dated: New York, New York  
April 11, 2022

Respectfully submitted,

ROBINSON BROG LEINWAND GREENE
GENOVESE & GLUCK P.C.

By: _____
John D'Ercole, Esq.
875 Third Avenue, 9th Floor
New York, NY  10022
T:  (212) 603-6300
F:  (212) 956-2164